UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BABAK DJOURABCHI AND ) <br> MONICA WELT ) <br> District of Columbia citizens, ) <br> 1660-D Beekman Place N.W. ) <br> Washington, D.C.  20009 ) <br> ) <br>          Plaintiff ) <br> ) <br> vs. ) <br> ) <br> HARRY J. SELF, JR. ) <br> a Maryland citizen ) <br> 8900 Rollingwood Drive, ) <br> Fort Washington, MD  20744 ) <br> ) <br>          SERVE:  Harry J. Self, Jr. ) <br>                    8900 Rollingwood Drive ) <br>                    Fort Washington, MD ) <br> ) <br> And ) <br> ) <br> SELF CONSTRUCTION, INC ) <br>          a/k/a Self Construction, ) <br> a Maryland Corporation ) <br> 8900 Rollingwood Drive ) <br> Fort Washington, MD  20744 ) <br> ) <br>          SERVE:  Harry J. Self, Jr. ) <br>                    Sole Proprietor and Registered ) <br>                    Agent ) <br>                     8900 Rollingwood Drive ) <br>                     Fort Washington, MD 20744 ) <br> ) <br>          Defendants. ) | Case No.  1:06CV00810 <br> Judge: Royce C. Lamberth <br> Deck Type:  Contract <br> Date Stamp: |

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Comes Now, Defendants, HARRY SELF, Jr. and SELF CONSTRUCTION, INC.

by and through undersigned Counsel in opposition to the Plaintiff's Complaint and states

as follows:

1.   The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 1.

2.   The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2..

3.   The Defendants admits the allegations of paragraph 3.

4.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph; however, the defendants admit that events giving rise to the instant action occurred, and the property that is the subject of the instant action is located, in the District of Columbia.

5.   The Defendants admit that Harry Self is a citizen of the State of Maryland, with his principal place of residence located at 8900 Rollingwood Drive, Fort Washington, MD 20744.  The Defendants; however, deny the remaining averments of paragraph 5.

6.   The Defendants admit that SELF CONSTRUCTION, INC. is a corporation organized under the laws of the State of Maryland.  The Defendants; however, deny the remaining averments of paragraph 6.

7.   The Defendants admit that SELF CONSTRUCTION, INC. entered a Building Construction Agreement with the Plaintiff's Defendants on or about May 13, 2005; however, the Defendants are without knowledge or information sufficient to form a belief as to the remaining averments of paragraph 7.

8.   The defendants admit that SELF CONSTRUCTION, INC., entered into an addendum; however, denies that HARRY SELF, JR. entered into any contractual agreement.

9.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9.

10. The Defendants deny the allegations of paragraph 10.

11. The Defendants deny the allegations of paragraph 11.

12. The Defendants deny the allegations of paragraph 12.

13. The Defendants deny the allegations of paragraph 13.

14. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14.

15. The Defendants are without knowledge or information sufficient to form a Belief as to the truth of the averments of paragraph 15; however, the Defendants, prior to any threat of litigation, have taken substantial steps to settle the instant matter prior to litigation; however, the plaintiff's have refused to do so.

16.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14.

17. The Defendants admit that SELF CONSTRUCTION, INC. has refused to compensate the Plaintiff's for Six Hundred Twenty-Seven Thousand Three Hundred Ten and 98/100 Dollars ($627,310.98) in damages, plus interest, fees and court costs; however, Defendants deny the remaining averments of paragraph 17.

18. The averments of Paragraph 18 fail to state a claim upon which relief can be granted.

19. The Defendants deny the averments of paragraph 19.

20. The Defendants deny the averments of paragraph 20.

21. The averments of Paragraph 21 fail to state a claim upon which relief can be

granted.

22. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 21.

23. The Defendants deny the averments of paragraph 23.

24. The Defendants deny the averments of paragraph 24.

25. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 25.

26. The Defendants deny the averments of paragraph 26.

## **Affirmative and Negative Defenses**

27. The Defendants incorporates the allegations of paragraphs 1 through 26 above as if they have been fully stated herein.

28. The Defendant demands strict proof of each and every allegation contained in the Complaint.

29. The Plaintiff's Negligence precludes recovery against the Defendant.

30. The Complaint is barred by the doctrine of set-off and recoupment and unclean hands.

31. The Plaintiff's breach of the applicable contracts precludes recovery against the Defendant.

32. The Plaintiff's fraud precludes recovery against the document.

33. Pursuant to Fed. R. Civ. P. 12, Fed. R. Civ. P. 18 the Defendants aver the following:

### I.

The Court lacks jurisdiction over the subject matter.

II.

The Complaint fails to state a claim upon which relief can be granted.

III.

Plaintiff has failed to join a party required by The Rules of the United States District Court of the District of Columbia.

VI.

Defendants generally deny liability.

V.

Defendants deny the legal existence of Plaintiff.

VI.

Defendant deny the capacity of the Plaintiff to bring this lawsuit.

VII.

Defendants deny the execution of a written instrument.

VIII.

The claims set forth in the Complaint are barred by the doctrine of accord and satisfaction.

IX.

The claims set forth in the Complaint are barred by the doctrine of equitable estoppel.

X.

The claims set forth in the Complaint are barred by the doctrine of fraud.

XI.

The claims set forth in the Complaint are barred by the doctrine of illegality.

XII.

Plaintiff has released some or all of the claims asserted.

XIII.

The claims set forth in the Complaint are barred by the doctrine of ultra vires.

XIV.

Plaintiffs have waived some or all of the claims asserted.

XV.

The claims set forth in the Complaint are barred by Statute of Limitations.

XVI.

The claims set forth in the Complaint are barred by Statute of Frauds.

WHEREFORE, Defendants humbly pray this Honorable Court:

a.   Deny all relief requested by the Plaintiff and Dismiss the Complaint.

b.   And for such other and further relief as this court deems just and proper.

Respectfully Submitted

SELF CONSTRUCTION, INC.

By Counsel

/s/Reginald M. Sealey
Reginald M. Sealey
The Law Offices of Reginald M. Sealey, LLC
D.C. Bar No.  385632
6231 Crain Hwy, SE
Upper Marlboro, Maryland  20772
Phone (301)952-8809
Fax (301) 952-9220
*Counsel for the Defendant*

s/ Harold L. Boyd, III
Harold L. Boyd, III
The Boyd Law Firm
D.C. Bar No. 481736

6231 Crain Hwy, SE
Upper Marlboro, Maryland  20772
Phone (301) 952-2004
Fax (301) 952-9220
*Counsel for the Defendant*

**Demand for Jury Trial**

1.  Defendant demands trial by jury.


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of June, 2006, a copy of the foregoing Answer was mailed first-class, postage prepaid to Attorneys for the Plaintiff:

Gerald I. Katz and Stephen W. Smith
Attorneys for the Plaintiff
Katz & Stone, L.L.P
8230 Leesburg, Pike, Suite 600
Vienna, Virginia  22182


/s/Reginald M. Sealey
Reginald M. Sealey