UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BABAK DJOURABCHI AND <br> MONICA WELT <br> District of Columbia citizens, <br> 1660-D Beekman Place N.W. <br> Washington, D.C. 20009 <br><br> Plaintiff <br><br> vs. <br><br> HARRY J. SELF, JR. <br> a Maryland citizen <br> 8900 Rollingwood Drive, <br> Fort Washington, MD 20744 <br><br>    SERVE: Harry J. Self, Jr. <br>             8900 Rollingwood Drive <br>             Fort Washington, MD <br><br> And <br><br> SELF CONSTRUCTION, INC <br>     a/k/a Self Construction, <br> a Maryland Corporation <br> 8900 Rollingwood Drive <br> Fort Washington, MD 20744 <br><br>    SERVE: Harry J. Self, Jr. <br>             Sole Proprietor and Registered <br>             Agent <br>             8900 Rollingwood Drive <br>             Fort Washington, MD 20744 <br><br>    Defendants. | Case No. 1:06CV00810 <br> Judge: Royce C. Lamberth <br> Deck Type: Contract <br> Date Stamp: |

### **DEFENDANT'S COUNTERCLAIM AGAINST PLAINTIFFS**

Comes Now, Defendant(s) HARRY SELF, JR. AND SELF CONSTRUCTION,

INC., (hereinafter "Defendant/Counter-Plaintiffs") by and through undersigned Counsel

in response to the Plaintiffs' Babak Djourabchi and Monica Welt (hereinafter

"Plaintiffs/Counter-Defendants) Complaint and counterclaims against the Plaintiffs/Counter-Defendants pursuant to Fed. R. Civ. P. 13 and as grounds therefore alleges as follows:

**Nature of the Action**

1. This is a diversity breach of contract and, unclean hands action brought by Defendants Harry Self Jr. and Self Construction, Inc., if this Court does not release Harry Self, Jr. from this litigation. It is the Defendants/Counter-Plaintiffs contention that this action is more appropriately an action by Self Construction, Inc., against homeowners Babak Djourabchi and Monica Welt to recover Fifty-Six Thousand Five Hundred and Twelve and Forty Cents ($56,512.40), plus interest, costs and attorneys' fees. As such any reference hereinafter to Defendants/Counter-Plaintiffs shall be referred to as Defendant/Counter-Plaintiff.

**Parties**

2. "Plaintiffs/Counter-Defendants are citizens of the District of Columbia, with their principal place of residence located at 1660-D Beekman Place N.W., Washington, D.C. 2009. At all times relevant to this action, Plaintiffs were and are the owners of the residence located at 3459 Holmead Place N.W. Washington, D.C. (the "Residence") that is the subject of the instant litigation" (See Plaintiffs' Complaint P2., ¶4).

3. At all times relevant to the matter in dispute, Harry Self, Jr. has operated under the protection of limited liability provided a corporation under the laws of the State of Maryland and the District of Columbia.

4. Harry Self Jr. has never represented himself as acting in any other capacity other than within his capacity and authority to act on behalf of Self Construction, Inc.

Harry Self, Jr., neither expressly nor implicitly, waived any of the personal protections afforded him through the Incorporation of Self Construction, Inc. through his conduct on behalf of Self Construction, Inc. Consequently Harry Self, Jr. is an individual separate and apart from Self Construction, Inc. and is in not personally liable in the instant matter for any of the alleged liability of Self Construction, Inc.

5. Self Construction, Inc. a/k/a Self Construction is a corporation duly organized under the laws of the State of Maryland with its principal place of business located at 8900 Rollingwood Drive, Fort Washington, MD 20744.

6. Upon information and belief Avellaneda Rodrigo, is an architect performing services in the District of Columbia, hired independently by the Plaintiffs/Counter-Defendants, to obtain the proper zoning, plans and permits necessary for the completion of the renovation of the Residence which is the subject of the instant litigation.

**Facts**

7. On or about May 13, 2005, Defendant/Counter-Plaintiff entered into a Building Construction Agreement (hereinafter "Agreement") with the Plaintiffs/Counter-Defendants pursuant to which Defendant/Counter-Plaintiff agreed to perform certain renovation work on the Residence of the Plaintiffs/Counter-Defendants for the amount of Two Hundred and Twelve Thousand, Two Hundred and Twelve Dollars $212,212.00. See Defendant's/Counter-Plaintiff's Exhibits 1 - 5. The terms of the Agreement required the contract to be completed in seven (7) months from the date of commencement.

8. On or about July 30, 2005, the parties entered into an Addendum to the Agreement pursuant to which the Defendant/Counter-Plaintiff agreed to perform

additional work for an additional Three Thousand Nine Hundred and Ninety Nine Dollars $3,999.00.

9. Demolition work on the Property began on or about May 16, 2005 and was completed on or about May 16, 2005.

10. Pursuant to the Agreement, the Plaintiff/Counter-Defendants agreed to be responsible for all Zoning, Permit Fees and other licensing and inspections necessary for proper execution and completion of the work.  See Agreement P2, ¶12.

11.  Furthermore, pursuant to the Agreement Plaintiff/Counter-Defendant chose to exercise their rights under the Agreement to Perform/Award Separate Contracts and hired Avellaneda Rodrigo to secure the permits needed for construction.  See Agreement P3, ¶16.

12.  The Addendum came pursuant to a meeting of the parties on July 30, 2005. This meeting was called in order to discuss problems with the zoning and permits needed to complete work on the residence.

13.  At this meeting, the parties also executed an additional handwritten Addendum with notes that the Defendant/Counter-Plaintiff contends meant that Avellaneda Rodrigo, an Architect who was hired by the Plaintiffs/Counter-Defendants, was solely responsible for the necessary permits with the "<u>help, if necessary</u> of one Sunday.  See Defendant/Counter-Plaintiff's Exhibits 1- 5.

14.  After the execution of this Addendum, Avellaneda Rodrigo was not able to secure the proper permits necessary to complete work as demanded by the Plaintiffs/Counter-Defendants.

15. The Plaintiffs/Counter-Defendants insisted that the work move forward in violation of the zoning and permit requirements; however, the Defendant/Counter Plaintiff informed the Plaintiff/Counter-Defendants that neither he nor his subcontractors could perform without the necessary permits and to do so was illegal. He further specified that he could not contract to do an illegal act.

16. Avellaneda Rodrigo, the homeowners and Self Construction, Inc., were further informed by Mr. Sunday that the Plaintiff/Counter-Defendants would not be able to quickly obtain the permits they desired to construct the property according to their desire without obtaining a permit required through the D.C. Zoning Board (DZA).

17. Avellaneda Rodrigo, through Mr. Sunday informed them that obtaining a permit in this manner was a long process taking approximately a year or more.

18. Mr. Sunday explained to the Plaintiff/Counter-Defendants that he could assist Avellaneda Rodrigo in securing the permits quickly without certain construction desired by the Plaintiff/Counter-Defendants.

19. Mr. Djourabchi; however, indicated that his wife, Monica Welt, would not accept the construction without the certain construction desired.

20. He then came and seized documents which were in the possession of Mr. Sunday through the Plaintiff/Counter-Defendants and Avellaneda Rodrigo.

21. After a long period of no work or pay, and given the fact that it had been requested to remain available for the project and agreed to do so, Self Construction, Inc. retained legal counsel below in an attempt to help it communicate more effectively in attempting to negotiate an end to the instant matter in a manner beneficial to all parties involved.

22. The Defendant/Counter-Plaintiff submitted his costs to the Plaintiffs/Counter-Defendants and was subsequently sued.

**Breach of Contract**

23. The allegations contained in paragraph 1 through 22 above are incorporated herein by reference as if set forth in full.

24. The events giving rise to the instant litigation occurred do to the Plaintiffs' /Counter-Defendants' failure to obtain the permits required for construction.

25. Throughout this matter, the Plaintiff/Counter-Defendant's requested that the Defendant/Counter- Plaintiff remain available for work under the contract and the Defendant/Counter-Plaintiff's agreed to do so. At this time, the Defendant/Counter-Plaintiff informed the Plaintiff/Counter-Defendant that in order to do so he was incurring costs and requested that they be paid.

26. Consistent with this Agreement the Defendant/Counter-Plaintiff incurred costs, and submitted to the Plaintiffs/Counter-Defendants costs incurred, to remain on the job in the amount of $56,512.40. The Defendant also indicated the monthly costs required to remain on the job going forward.   See Plaintiff/Counter-Defendant's Exhibits 1- 5.

27. As a direct and proximate result of the Plaintiffs' /Counter-Defendants' breach of their contractual Agreement Defendant/Counter-Plaintiff will incur damages in the amount of at least Fifty-Six Thousand Five Hundred and Twelve and Forty Cents ($56,512.40), plus interest, costs and attorneys' fees.

WHEREFORE, Defendant/Counter-Plaintiff humbly requests this Honorable Court enter judgment against the Plaintiffs/Counter-Defendant, jointly and severally, in

the amount of at least Fifty-Six Thousand Five Hundred and Twelve and Forty Cents ($56,512.40), plus pre- and post-judgment interest, costs and reasonable attorneys' fees.

**Promissory Estoppel or Detrimental Reliance**

28. The allegations contained in paragraph 1 through 27 above are incorporated herein by reference as if set forth in full.

29. The events giving rise to the instant litigation occurred do to the Plaintiffs'/Counter-Defendants' failure to obtain the permits required for construction.

30. Throughout this matter, the Plaintiff/Counter-Defendant's requested that the Defendant/Counter- Plaintiff remain available for work under the contract and the Defendant/Counter-Plaintiff's agreed to do so. At this time, the Defendant/Counter-Plaintiff informed the Plaintiff/Counter-Defendant that in order to do so he was incurring costs and requested that they be paid.

31. In reliance on this Agreement and the Defendant/Counter-Plaintiff incurred costs. The Defendant/Counter-Plaintiff did so to the detriment of its rights to withdraw from the contract as specified in the Agreement. See Agreement P3, ¶15.

32. As a direct result of the Defendant/Counter-Plaintiff's reliance on the representations of the Plaintiffs/Counter-Defendants, Defendant/Counter-Plaintiff will incur damages in the amount of at least Fifty-Six Thousand Five Hundred and Twelve and Forty Cents ($56,512.40), plus interest, costs and attorneys' fees.

WHEREFORE, Defendant/Counter-Plaintiff humbly requests this Honorable Court enter judgment against the Plaintiffs/Counter-Defendant, jointly and severally, in the amount of at least Fifty-Six Thousand Five Hundred and Twelve and Forty Cents

($56,512.40), plus pre- and post-judgment interest, costs and reasonable attorneys' fees, or for such other and further relief as this Honorable Court may deem just and proper.

        Respectfully Submitted

        SELF CONSTRUCTION, INC.

        By Counsel

        /s/ Reginald M. Sealey
        The Law Offices of Reginald M. Sealey, LLC
        D.C. Bar No. 385632
        6231 Crain Hwy, SE
        Upper Marlboro, Maryland  20772
        Phone (301)952-8809
        Fax (301) 952-9220
        *Counsel for the Defendant*

        s/ Harold L. Boyd, III
        Harold L. Boyd, III
        The Boyd Law Firm
        D.C. Bar No. 481736
        6231 Crain Hwy, SE
        Upper Marlboro, Maryland  20772
        Phone (301) 952-2004
        Fax (301) 952-9220
        *Counsel for the Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of June 2006, a copy of the foregoing Counterclaim was mailed first-class mail, postage prepaid to Attorneys for the Plaintiff:

        Gerald I. Katz and Stephen W. Smith
        Attorneys for the Plaintiff
        Katz & Stone, L.L.P
        8230 Leesburg, Pike, Suite 600
        Vienna, Virginia  22182

        /s/ Reginald M. Sealey
        Reginald M. Sealey, Esq.