IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BABAK DJOURABCHI, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 06-810 (RCL) |
| ) | |
| HARRY J. SELF, JR., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS FOR JOINDER OF AN IMPROPER PARTY**

COME NOW, Plaintiffs Babak Djourabchi and Monica Welt, by counsel, pursuant to Fed. R. Civ. P. 5 and 6 and Local Rule 7, and in opposition to Defendants' Motion to Dismiss for Joinder of an Improper Party ("Motion"), state as follows:

**APPLICABLE LAW**

Fed. R. Civ. P. 19(a) provides, in pertinent part, that "[a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if . . . in the person's absence complete relief cannot be accorded among those already parties." Furthermore, Fed. R. Civ. P. 20(a) provides, in pertinent part, that "[a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

Furthermore, in considering a motion to dismiss such as Defendants' Motion, Plaintiffs' factual allegations must be presumed true and should be liberally construed in their favor. *See*,

*e.g.*, *Phillips v. Bureau of Prisons*, 591 F.2d 966, 968 (D.C. Cir. 1979).  Moreover, Plaintiffs must be given every favorable inference that may be drawn from their allegations of fact.  *See*, *e.g.*, *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974).

## ARGUMENT

**I.   Plaintiffs Properly and Plainly Allege in their Complaint that Defendant Harry J. Self, Jr. is a Party to and Breached the Agreement at Issue in this Action, and Committed an Unfair Trade Practice, and the Court Must Thus Conclude from Such Allegations that He is a Proper and Necessary Party to This Action and is Not Entitled to Be Dismissed Herefrom.**

Plaintiffs plainly allege in their Complaint that both Defendant Harry J. Self, Jr. ("Mr. Self"), in his individual capacity, and Defendant Self Construction, Inc. a/k/a Self Construction ("Self Construction"), entered into the Agreement at issue in this action with Plaintiffs.  *See* Complaint, ¶ 7.  Moreover, Plaintiffs plainly allege in their Complaint that both Mr. Self and Self Construction entered into an Addendum to the Agreement.  *See id.*, ¶ 8.  Furthermore, in their Complaint, including in Count I thereof, Plaintiffs plainly allege, in detail, the actions and omissions of Mr. Self, along with those of Self Construction, which constituted material breaches of the Agreement, including his failure to perform and complete his work on the Project in a timely and workmanlike manner, his failure and/or refusal to compensate Plaintiffs for the damages and costs that they have incurred and will continue to incur as a result thereof, and his failure to be licensed to perform work as a general contractor in the District of Columbia.  *See id.*, ¶¶ 10-20.

In considering Defendants' Motion, Plaintiffs' factual allegations that Mr. Self is a distinct party to and breached the Agreement must be presumed true and should be liberally construed in Plaintiffs' favor.  *See*, *e.g.*, *Phillips*, 591 F.2d at 968.  Moreover, Plaintiffs must be given every favorable inference that may be drawn from their factual allegations that Mr. Self is

2

a party to and breached the Agreement. *See*, *e.g.*, *Scheuer*, 416 U.S. at 236. Accordingly, with respect to Plaintiffs' claim against Mr. Self, jointly and severally, for breach of contract, the Court should find that Mr. Self is a proper and necessary party to the instant action and deny Defendants' Motion to dismiss him from this matter.

Similarly, Plaintiffs plainly allege in their Complaint that both Mr. Self, in his individual capacity, and Self Construction executed the Agreement and accepted payment from Plaintiffs for the performance of home improvement services on the Project at issue in this action without being licensed by the District of Columbia as home improvement contractors. *See* Complaint, ¶ 22. In addition, Plaintiffs plainly allege that such actions by Mr. Self constitute an unfair trade practice in violation of the District of Columbia Consumer Protection Act, for which Plaintiffs are entitled to recover treble damages, reasonable attorneys' fees, and punitive damages from Mr. Self. *See id.*, ¶¶ 23-24.

In considering Defendants' Motion, Plaintiffs' factual allegations that Mr. Self executed the Agreement and accepted payment for home improvement services without being properly licensed, and thus committed an unfair trade practice, must be presumed true and should be liberally construed in Plaintiffs' favor. *See*, *e.g.*, *Phillips*, 591 F.2d at 968. Moreover, Plaintiffs must be given every favorable inference that may be drawn from their factual allegations that Mr. Self executed the Agreement and accepted payment for home improvement services without being properly licensed, and thus committed an unfair trade practice. *See*, *e.g.*, *Scheuer*, 416 U.S. at 236. Accordingly, with respect to Plaintiffs' claim against Mr. Self, jointly and severally, for unfair trade practice, the Court should find that Mr. Self is a proper and necessary party to the instant action and deny the Motion to dismiss him from this matter.

    **II.**    **Defendants' Unsupported Allegations that Defendant Harry J. Self, Jr. is Protected from Liability by the Existence of Defendant Self Construction, Inc.**

**a/k/a Self Construction are Wrong and Provide No Valid Basis for Their Motion to Dismiss Defendant Harry J. Self, Jr. From This Action.**

Defendants' Motion to dismiss Mr. Self from this action is based solely on a few unsupported allegations that Mr. Self is generally protected from individual liability by the existence of Self Construction. As a threshold matter, such allegations fail to provide any valid basis for dismissing Mr. Self from this action. As discussed above, Plaintiffs have properly and plainly alleged that Mr. Self's actions in this matter – entering into and breaching the Agreement and accepting payment for home improvement services without being properly licensed – were undertaken in his individual capacity, and, for purposes of considering the Motion, such allegations must be presumed true and liberally construed in Plaintiffs' favor and Plaintiffs given every favorable inference that may be drawn therefrom. Defendants' lone unsupported allegation that Mr. Self "has never represented himself as acting in any other capacity other than within his capacity and authority to act on behalf of Self Construction, Inc." (Motion, ¶ 3) is wholly insufficient to overcome Plaintiffs' proper and plain allegations to the contrary and all of the favorable presumptions and inferences drawn therefrom.

Moreover, even if Defendants' allegations were somehow able to overcome such proper pleading, presumptions and inferences, the allegations in Defendants' Motion that Mr. Self is protected from individual liability for his actions are nonetheless wholly incorrect and fail to state a valid basis for his dismissal. Contrary to Defendants' assertion that Self Construction is "duly organized under the laws of the State of Maryland" (Motion, ¶ 1), and in confirmation of Plaintiffs' allegation in Paragraph 6 of their Complaint that Self Construction is not a corporation in good standing in Maryland, the Maryland Department of Assessments and Taxation confirms that Self Construction forfeited its charter as a Maryland corporation in 1999 and continues in

forfeited status to-date.  A true and accurate copy of the Maryland Department of Assessments and Taxation's certification of Self Construction's forfeited status is attached hereto as Exhibit 1.

Maryland law makes clear that, with its charter forfeited, Self Construction has not and does not afford Mr. Self the protections from liability which Defendants claim.  Upon the forfeiture of Self Construction's corporate charter, Mr. Self became and remains expressly subject to being sued in his own name.  *See* Md. Code Ann., Corps. & Ass'ns § 3-515 (1999 Repl. Vol. & 2005 Supp.).  Moreover, Maryland law expressly provides that "[a]ny person who transacts business in the name or for the account of a corporation knowing that its charter has been forfeited and has not been revived is guilty of a misdemeanor and on conviction is subject to a fine of not more than $500," and "unless there is clear evidence to the contrary, a person who is an officer or director of a corporation at the time its charter was forfeited is presumed to know of the forfeiture."  *Id*., § 3-514(a)-(b).[1]  Therefore, Mr. Self is not only <u>not</u> protected from individual liability by the existence of Self Construction, any actions that he may have undertaken on behalf of Self Construction have, in fact, only served to increase his personal liability.

Thus, even if Defendants could show that Mr. Self's actions and omissions in entering into and breaching the Agreement, and accepting payment for home improvement services without being properly licensed, were undertaken on behalf of Self Construction, he would nonetheless not be insulated from liability therefor and there would thus be no valid basis for dismissing Mr. Self from this action.  Accordingly, Defendants' Motion should be denied.

---

[1] Defendants' Motion also alleges that Mr. Self is protected by the "limited liability provided a corporation under the laws of . . . the District of Columbia."  Motion, ¶ 2.  However, Defendants do not allege anywhere in their pleadings, including the Motion, that Self Construction, Inc. is either organized or registered as a corporation in the District of Columbia.  Moreover, the District of Columbia Department of Consumer and Regulatory Affairs confirms the absence of any record of Self Construction as a corporation organized or registered in the District of Columbia.  Accordingly, Defendants' allegation as to any protection afforded to Mr. Self by the laws of the District of Columbia

5

WHEREFORE, Plaintiffs Babak Djourabchi and Monica Welt respectfully request that this Honorable Court issue an Order denying Defendants' Motion to Dismiss for Joinder of an Improper Party and awarding Plaintiffs their costs and attorneys' fees in responding thereto, and grant such further relief in favor of Plaintiffs as this Court deems just and proper.

    Respectfully submitted,

    BABAK DJOURABCHI and
    MONICA WELT

    By Counsel

/s/ Stephen W. Smith
Gerald I. Katz, D.C. Bar No. 237925
Stephen W. Smith, D.C. Bar No. 463900
KATZ & STONE, L.L.P.
8230 Leesburg Pike, Suite 600
Vienna, Virginia 22182
(703) 761-3000
(703) 761-6179 (fax)
*Counsel for Plaintiffs*

---

due to the existence of Self Construction is wholly unsupported and should be ignored.

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that copies of the foregoing **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR JOINDER OF AN IMPROPER PARTY** and accompanying proposed **ORDER** were electronically filed with the Clerk of the Court using the CM/ECF system this 23rd day of June, 2006, which will send a notice of electronic filing to the following:

>Reginald M. Sealey, Esquire
>The Law Offices of Reginald M. Sealey
>Harold L. Boyd, III
>The Boyd Law Firm
>6231 Crain Hwy, SE
>Upper Marlboro, Maryland 20772
>*Counsel for Defendants*

>/s/ Stephen W. Smith
>Stephen W. Smith

J:\04400.003\Pld\003sws Opposition.doc:bd