IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BABAK DJOURABCHI, *et al*., )<br>  )<br>  Plaintiffs, )<br>  )<br>  v. )<br>  )<br>HARRY J. SELF, JR., *et al*., )<br>  )<br>  Defendants. )<br>  ) | Civil Action No. 06-810 (RCL) |

## **PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM**

COME NOW, Plaintiffs Babak Djourabchi and Monica Welt, by counsel, pursuant to Fed. R. Civ. P. 12 and Local Rule 7, and move this Honorable Court to enter an Order dismissing with prejudice Defendants'[1] Counterclaim in this action, and, in support thereof, state as follows:

### **ARGUMENT**

**I. Defendants' Counterclaim is Based on a Home Improvement Contract Pursuant to Which They Required and Accepted Advance Payment for Home Improvement Work Without Being Licensed as Home Improvement Contractors, and Thus, under District of Columbia Law, the Contract is Void and Unenforceable and Defendants are Not Entitled to Any Recovery in Contract or Quasi-Contract.**

Title 16, Section 800.1 of the District of Columbia Municipal Regulations expressly provides, in pertinent part, that "[n]o person shall require or accept any payment for a home improvement contract in advance of the full completion of all work required to be performed under the contract, unless that person is licensed as a home improvement contractor . . . in accordance with the provisions of this chapter."  16 DCMR § 800.1 (2006).  It is well-settled under District of Columbia law that a

---

[1] According to Paragraph 1 of the Counterclaim, the Counterclaim is brought solely by Defendant Self Construction, as Defendants have moved for the dismissal of Defendant Harry J. Self, Jr.  Nonetheless, given the pendency of

> 'contract, made in violation of a statutory prohibition designed for police or regulatory purposes, is void and confers no right upon the wrongdoer.' This rule applies to a breach of 16 DCMR § 800.1, a prohibitory regulation enacted to protect the public."

Capital Constr. Co., Inc. v. Plaza West Cooperative Assoc., Inc., 604 A.2d 428, 429-430 (D.C. 1992)(citations omitted). Accordingly, "'receipt of payment by an unlicensed contractor before completion of the work under [a home improvement] contract violates the home improvement regulations and renders the contract void and unenforceable,' even on a quasi-contractual basis." *Id*. at 430 (*quoting* Nixon v. Hansford, 584 A.2d 597, 598 (D.C. 1991))(*citing* Truitt v. Miller, 407 A.2d 1073, 1079 (D.C. 1979); Bathroom Design Inst. v. Parker, 317 A.2d 526, 528 (D.C. 1974)). Therefore, Defendants' Counterclaim for breach of contract and quasi-contractual relief fails to state a claim upon which relief can be granted because it is based on a home improvement contract pursuant to which Defendants required and accepted advance payment for home improvement work without being licensed as home improvement contractors.

The Agreement between Plaintiffs and Defendants at issue in this action is indisputably a home improvement contract. The District of Columbia Municipal Regulations define "home improvement contract" as "an agreement for the performance of home improvement work for a contract price of three hundred dollars ($300) or more," and define "home improvement work" as "the construction of one or more additions to, or the improvement, repair, restoration, alteration, conversion, or replacement of any residential property." 16 DCMR § 899.1. As detailed in Plaintiffs' Complaint – and even as shown on the face of the document attached to Defendants' Counterclaim as an exhibit which Defendants allege is the parties' contract[2] – the

---

Defendants' motion, Plaintiffs shall treat the Counterclaim herein as if brought by both Defendants.

[2] Plaintiffs do not admit that the document attached to Defendants' Counterclaim as Exhibit 4 is a wholly true and accurate copy of the parties' Agreement. However, the document does accurately reflect that the Agreement was a contract for the renovation of, and the construction of additions to, Plaintiffs' residential property for a contract price

Agreement was a contract for the renovation of, and the construction of additions to, Plaintiffs' residential property for a contract price of $212,212.00.  *See* Complaint, ¶ 7; Counterclaim, Exhibit 4, ¶¶ 1, 3.  Therefore, the Agreement is a home improvement contract under 16 DCMR § 800.1.

Furthermore, Defendants performed home improvement work in the District of Columbia pursuant to the Agreement without being licensed as home improvement contractors.  As plainly alleged in Plaintiffs' Complaint, further discussed in Plaintiff's Opposition to Defendants' Motion to Dismiss for Misjoinder of Improper Party ("Opposition"), and confirmed by the District of Columbia Department of Consumer and Regulatory Affairs, there is no record that Defendants have *ever* been licensed by the District of Columbia as home improvement contractors, much less in May, 2005 when they entered into the Agreement or at any time thereafter when they performed work pursuant to the Agreement.  *See* Complaint, ¶¶ 5, 6, 16, and 22; Opposition, Sec. II.  Moreover, in their Answer to the Complaint, Defendants do not deny the express allegation in Paragraph 16 of Plaintiff's Complaint that Defendants were not and are not licensed to perform work as home improvement contractors in the District of Columbia.  Rather, Defendants simply allege that they are without knowledge or information sufficient to form a belief as to the allegation.  *See* Answer, ¶ 16.[3]  If Defendants themselves do not know whether or not they were licensed to perform work as home improvement contractors in the District of Columbia, they are surely not entitled to any presumption or inference that they were so licensed.

---

of $212,212.00.

[3] Paragraph 16 of Defendants' Answer refers to Paragraph 14 of Plaintiff's Complaint, but it is clear from the Answer as a whole, and especially the paragraphs preceding and following Paragraph 16 of the Answer, that this is an inadvertent erratum by Defendants.

Finally, in violation of 16 DCMR § 800.1, the unlicensed Defendants required and accepted payments from Plaintiffs for their home improvement work in advance of the full completion of all work required to be performed under the Agreement. As shown on the face of Exhibit 4 of Defendants' Counterclaim,[4] the Defendants required Plaintiffs to make a down payment for the work in the amount of $20,000 before any work commenced, and also required Plaintiffs to make additional payments to Defendants in increments of $20,000.00 during the course of the work. *See* Counterclaim, Exhibit 4, ¶ 3. Moreover, as plainly alleged in their Complaint, Plaintiffs made and Defendants accepted no less than five payments for their work between May and August, 2005. *See* Complaint, ¶ 10. Again, notably, Defendants do not deny the express allegation in Paragraph 22 of Plaintiff's Complaint that Defendants accepted payments from Plaintiffs for the performance of home improvement services on the Project without being licensed as home improvement contractors by the District of Columbia. *See* Answer, ¶ 22.[5]

Therefore, Defendants cannot deny that, in plain violation of 16 DCMR § 800.1, they required and accepted payments for a home improvement contract, in advance of the full completion of all work required to be performed under the contract, without being licensed by the District of Columbia as home improvement contractors. Accordingly, under well-established District of Columbia law, Defendants' contract is void and unenforceable and they are not

---

[4] Defendants allege that the document attached to Defendants' Counterclaim as Exhibit 4 is the parties' contract. Plaintiffs do not admit that that document is a wholly true and accurate copy of the parties' Agreement. However, the document does accurately reflect that the Agreement required that Plaintiffs make a down payment to Defendants for the work in the amount of $20,000 and, during the course of the work, make progress payments to Defendants in increments of $20,000.00.

[5] Paragraph 22 of Defendants' Answer refers to Paragraph 21 of Plaintiff's Complaint, but it is clear from the Answer as a whole, and especially the paragraphs preceding and following Paragraph 22 of the Answer, that this is an inadvertent erratum by Defendants.

4

entitled to any recovery from Plaintiffs, even on a quasi-contractual basis. Therefore, Defendants' Counterclaim should be dismissed.

    **II.    Self Construction, a Foreign Corporation, Failed to Procure a Certificate of Authority From the District of Columbia Prior to Transacting the Business at Issue Here in the District, and Thus is Barred from Maintaining the Counterclaim Against Plaintiffs.**

As an out-of-state corporation not authorized to do business in the District of Columbia, Self Construction is barred by District of Columbia law from maintaining its Counterclaim against Plaintiffs. Self Construction readily admits in its Counterclaim and its Answer to Plaintiff's Complaint that it is a corporation organized under the laws of the State of Maryland.[6] *See* Counterclaim, ¶ 5; Answer, ¶ 6. Accordingly, under District of Columbia law, Self Construction is a "foreign corporation." *See* D.C. Code Ann. § 29-101.02(2) (2001) ("'Foreign corporation' means a corporation for profit organized under laws other than the laws of the District of Columbia and special acts of Congress.")

D.C. Code Ann. § 29-101.99(a) (2001) provides, in pertinent part, that "[a] foreign corporation shall procure a certificate of authority from the Mayor before it transacts business in the District." Furthermore, the District's so-called "door closing statute," currently codified at D.C. Code Ann. § 29-101.119(a) (2001), provides, in pertinent part, that "[n]o foreign corporation which is subject to the provisions of this chapter and which transacts business in the District without a certificate of authority shall be permitted to maintain an action at law or in equity in any court of the District until such corporation shall have obtained a certificate of authority." This Court and the United States Court of Appeals for the District of Columbia

---

[6] For purposes of this Motion, Plaintiffs acknowledge that Defendant Self Construction was originally organized as a corporation under the laws of Maryland, and not under the laws of the District of Columbia. However, Plaintiffs do not admit, and in fact expressly deny, that Defendant Self Construction is, or at any time relevant to the subject matter of this action was, a corporation in good standing under the laws of Maryland. As detailed in Plaintiffs' Opposition to Defendants' previously-filed Motion to Dismiss, Self Construction's Maryland charter was and

Circuit have held that federal courts sitting in diversity in the District of Columbia, as the Court is in the instant action, must apply the District's door closing statute to bar foreign corporations without a certificate of authority from maintaining an action in those courts. *See* Telephone Data Systems v. American Cellular Network Corp., 966 F.2d 696, 699 (D.C. Cir. 1992); Jane Lyons Adver. v. Cook, 47 U.S.P.Q.2d (BNA) 1113 (D.D.C. 1998); ILC Corp. v. Latino Newspaper, Inc., 747 F. Supp. 85, 87 (D.D.C. 1990).

Further, as discussed in Plaintiff's Opposition to Defendants' Motion to Dismiss, the District of Columbia Department of Consumer and Regulatory Affairs confirms that there is no record of Self Construction having ever obtained a certificate of authority to transact business in the District of Columbia, much less at any time during the period when Defendants contracted with Plaintiffs and performed work on their residential property. *See* Opposition, p.5, n.1. Therefore, Self Construction violated D.C. Code Ann. § 29-101.119(a) by transacting the business at issue in the instant action in the District without a certificate of authority.

Accordingly, Self Construction is barred by District of Columbia law from maintaining an action against Plaintiffs, and this Court, sitting in diversity, should apply such law and dismiss Self Construction's Counterclaim.

    **III.**     **Defendants' Nearly-Identical Claims for Breach of Contract and Promissory Estoppel/Detrimental Reliance Fail to State a Cause of Action for Either, and Thus the Counterclaim Should Be Dismissed.**

Although the two counts of Defendants' Counterclaim – for breach of contract and promissory estoppel/detrimental reliance – are based on very different theories of recovery, their texts are nearly word-for-word identical. As a result, neither pleads a valid cause of action.

---

remains forfeited.

### 1. Defendants' Breach of Contract Count Seeks Recovery for an Alleged Agreement Between the Parties that Lacks Consideration, and Thus Fails to State a Cause of Action.

As the basis for their breach of contract count, Defendants allege that Plaintiffs "requested that [Defendants] remain available for work under the contract and [Defendants] agreed to do so," and that, "[c]onsistent with this Agreement [sic]," Defendants allegedly incurred the costs which they seek to recover in their Counterclaim. Counterclaim, ¶¶ 25-26. However, even if such an agreement had been reached between the parties, which Plaintiffs deny, it is not a binding contract pursuant to which Defendants are entitled to any recovery because there was no consideration for the agreement.

The United States Court of Appeals for the District of Columbia Circuit has affirmed the well-settled principle of contract law that a promise to perform a pre-existing contractual obligation does not constitute sufficient consideration for a subsequent agreement. *See*, *e.g.*, Murray v. Lichtman, 339 F.2d 749, 752 n.5 (D.C. Cir. 1964). Here, Defendants were already obligated by the Agreement to remain available to perform work on the Project. As shown on the face of Exhibit 4 of Defendants' Counterclaim, which Defendants allege is the parties' contract,[7] Defendants expressly attested that the Project "shall be [Defendants'] primary project," were obligated to complete all of their work under the Agreement within seven months, and were only entitled to stop work or terminate the Agreement under certain circumstances if they provided "seven (7) business days notice to" Plaintiffs. Counterclaim, Exhibit 4, ¶¶ 2, 5, 15. However, Defendants do not and cannot contend that they gave any notice to Plaintiffs of their intent to stop work or terminate the Agreement.

---

[7] Plaintiffs do not admit that the document attached to Defendants' Counterclaim as Exhibit 4 is a wholly true and accurate copy of the parties' Agreement. However, the document does accurately reflect that Defendants expressly attested that the Project would be their primary project," were obligated to complete all of their work under the Agreement within seven months, and were only entitled to stop work or terminate the Agreement under certain

7

Therefore, throughout the course of the Project, Defendants were contractually obligated to remain available to perform work (as well as to actually perform work) on the Project. As such, Defendants cannot now claim that they are entitled to recovery based on an alleged promise to remain available for work under the Agreement, because under applicable precedent, such promise to perform a pre-existing contractual obligation does not constitute sufficient consideration for any alleged subsequent agreement between the parties that Defendants would be compensated for their costs of remaining available. Accordingly, Defendants' breach of contract count fails to state a valid cause of action and should be dismissed.

### 2. Defendants' Promissory Estoppel/Detrimental Reliance[8] Count Fails to Allege Any Promise by Plaintiffs, and Thus Fails to State a Cause of Action.

Under District of Columbia law, "to 'hold a party liable under the doctrine of promissory estoppel, there must be a promise which reasonably leads the promisee to rely on it to his [or her] detriment, with injustice otherwise not being avoidable.'" Howard Univ. v. Good Food Serv., Inc., 608 A.2d 116, 121 (D.C. 1992)(*quoting* Bender v. Design Store Corp., 404 A.2d 194, 196 (D.C. 1979)). As a threshold matter, therefore, in order to state a valid cause of action for promissory estoppel, Defendants must plead that a promise was made by Plaintiffs. However, Defendants' promissory estoppel count fails to meet this threshold.

Defendants fail to plead that any such promise was made, much less a promise that Plaintiffs would compensate Defendants for the costs they now seek in their Counterclaim. Defendants only allege that Plaintiffs "requested that [Defendants] remain available for work under the contract," and do not allege any other statements by Plaintiffs in this regard.

---

circumstances if they provided seven days' notice to Plaintiffs.
[8] While District of Columbia law recognizes a cause of action for promissory estoppel, it does not recognize a separate cause of action for "detrimental reliance," which is a combination of two elements of promissory estoppel. Accordingly, Plaintiffs shall refer to the second count of Defendants' Counterclaim solely as a claim for promissory estoppel.

Counterclaim, ¶ 30. Indeed, Defendants appear to acknowledge that Plaintiffs made no promise, and allege reliance only on "the representations" of Plaintiffs. *Id.*, ¶ 32. Even then, the only relevant representation pled by Defendants is Plaintiffs' alleged request that Defendants remain available for work. The Counterclaim fails to allege any promise that would form the basis for a promissory estoppel claim. Accordingly, Defendants' promissory estoppel count fails to state a valid cause of action against Plaintiffs, and should be dismissed.

WHEREFORE, Plaintiffs Babak Djourabchi and Monica Welt respectfully request that this Honorable Court issue an Order dismissing with prejudice Defendant's Counterclaim in this action and awarding Plaintiffs their costs and attorneys' fees in responding thereto, and grant such further relief in favor of Plaintiffs as this Court deems just and proper.

Respectfully submitted,

BABAK DJOURABCHI and
MONICA WELT

By Counsel

/s/ Stephen W. Smith
Gerald I. Katz, D.C. Bar No. 237925
Stephen W. Smith, D.C. Bar No. 463900
KATZ & STONE, L.L.P.
8230 Leesburg Pike, Suite 600
Vienna, Virginia 22182
(703) 761-3000
(703) 761-6179 (fax)
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that copies of the foregoing **PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM** and accompanying proposed **ORDER** were electronically filed with the Clerk of the Court using the CM/ECF system this 3rd day of July, 2006, which will send a notice of electronic filing to the following:

>Reginald M. Sealey, Esquire
>The Law Offices of Reginald M. Sealey
>Harold L. Boyd, III
>The Boyd Law Firm
>6231 Crain Hwy, SE
>Upper Marlboro, Maryland 20772
>*Counsel for Defendants*

>/s/ Stephen W. Smith
>Stephen W. Smith

J:\04400.003\Pld\By Clients\Motion to Dismiss Counterclaim\005sws MotionToDismiss.doc:bd