UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BABAK DJOURABCHI, et al., ) | |
|   ) | |
|   Plaintiff ) | |
|   ) | |
| vs. ) | Case No. 1:06CV00810 |
|   ) | Judge: Royce C. Lamberth |
| HARRY J. SELF, JR. et. Al., ) | Deck Type: Contract |
|   ) | Date Stamp: |
|   ) | |
|   Defendants. ) | |

**DEFENDANT'S MEMORANDUM AND POINTS OF AUTHORITY IN RESPONSE TO PLAINTIFFS' MOTION TO DISMISS THE DEFENDANT'S COUNTERCLAIM**

Comes Now, Defendants HARRY SELF, JR. AND SELF CONSTRUCTION, INC., by and through undersigned Counsel in response to the Plaintiffs' Babak Djourabchi and Monica Welt's Motion to Dismiss the Defendant's counter-claim and alleges as follows:

The counter claims is a diversity breach of contract and equitable action based on the unclean hands of the Plaintiffs. This counterclaim is brought by Defendants Harry Self Jr. and Self Construction, Inc., if this Court does not release Harry Self, Jr. from this litigation. Again, it is the Defendants contention that this action is more appropriately an action against Self Construction, Inc., by homeowners Babak Djourabchi and Monica Welt,  At all times relevant to the matter in dispute, Harry Self, Jr. has operated under the protection of limited liability provided a corporation under the laws of the State of Maryland and the District of Columbia.

**I. DEFENDANT'S RESPONSE TO PLAINTIFF'S ARGUMENT THAT THE CONTRACT BETWEEN THE PLAINTIFF AND DEFENDANT IS VOID BECAUSE DEFENDANT ACCEPTED ADVANCE PAYMENT FOR**

**HOME IMPROVEMENT WORK WITHOUT BEING LICENSED AS HOME IMPROVEMENT CONTRACTOR.**

Plaintiff asserts that Harry Self, Jr. and Self Construction, Inc. contracted to perform Home Improvement Services in violation of District of Columbia's Home Improvement Regulation.  Defendant, however, responds that it did so under the supervision of what it believed to be a contractor licensed under the Home Improvement Statute in the District of Columbia and was acting in reliance on the status of this contractor in agreeing to perform under the home improvement contract.

**A. Defendant believed operated under the supervision of a licensed Contractor.**

Defendant did not hide any aspect of his corporate status.   As stated in previous pleadings by Defendant, the Defendant has acted in good faith with the intent on finishing the work he contracted to complete.  Pursuant to the Agreement of the parties, previously submitted to this Court, the Plaintiff's agreed to be responsible for all Zoning, Permit Fees and other licensing and inspections necessary for proper execution and completion of the work.  See Agreement P2, ¶12.  The Defendant has insisted on this position throughout the entire negotiation of the agreement because Defendant did not intend to be seen as the general contractor on the job and sought to operate under the supervision of home improvement contractor licensed in the District of Columbia. This if further evident by that fact that, pursuant to the Agreement Plaintiff's, to the Defendant's satisfaction, chose to exercise their rights under the Agreement to <u>Perform/Award Separate Contracts</u> (See Agreement P3, ¶16) and hired Rodrigo Avellaneda Rodrigo to secure the permits needed for construction.

    **B. To allow the Plaintiff to prevail and avoid their obligation under the contract would constitute a substantial injustice that neither law nor equity should allow and forms a perversion of the regulatory scheme of District of Columbia Home Improvement Regulation.**

While defendant acknowledges, the adverse history of case law in this matter, it argues that this case is distinguishable from previous case law in that the Defendant in this matter has acted based on the representations of the Plaintiff's and is only before the court today, due to its attempt to insure that the Plaintiff's and their contractor, complied with the laws of the District of Columbia. But for the Defendant's refusal to continue work on the Plaintiff's home in violation of the permitting requirements of the District of Columbia, the Plaintiff's would have had the Defendant complete the work on their property behind the back of regulation of this jurisdiction. Defendant argues that such a regulatory result is perverse and cannot possibly be deemed to be consistent with the regulatory purposes of the District of Columbia's Home Improvement Regulations.

To hold the Defendant at fault in this case without any account of the actions of the Plaintiff turns a blind eye to public policy. Such a position forces Defendants, who find themselves unfortunately situated as the one currently at bar, to make a decision to complete work illegally to avoid the consequences of the current regulation. The Defendant's counterclaim deserves this court's attention, particularly, where it may be proved that the Consumer, such as the ones currently at bar, are sophisticated and perhaps versed in the law that they intended to violate in completing construction and the laws they intended to use to their advantage in using unlicensed contractors.

    II.    **DEFENDANT'S RESPONSE TO PLAINTIFF'S ARGUMENT THAT DEFENDANT, A FOREIGN CORPORATION, IS BARRED FROM MAINTAINING A COUNTERCLAIM DUE TO ITS FAILURE TO PROCURE A CERTIFICATE OF AUTHORIITY FROM THE**

### DISTRICT OF COLUMBIA PRIOR TO TRANSACACTIONG BUSINESS.

Plaintiff is correct in that Self Construction, Inc. has admitted that it was duly organized under the laws of the state of Maryland and is therefore a foreign corporation. Plaintiff's reference; however, to D.C. Code Ann, §29-101.99 does not go far enough. Further review of the statute reveals that the statutes language also provides "A foreign corporation shall not be required to procure a certificate of authority merely for the prosecution of litigation, the collection of its debts, or the taking of security for the same…." *See* D.C. Code Ann. §29-101.99(a)(2006). The Defendant asserts that the reason that they have asserted a counter-claim in the instant matter is for the collection of the debt owed them by the Plaintiff for work done on their residence. Therefore, Defendant argues that it is not required to obtain a certificate of authority for this limited purpose.

Plaintiff further asserts §29-101.119(a) to support the statement that Self Construction is barred by District of Columbia law from maintaining an action against the Plaintiffs. Again, the Defendant asserts that the Plaintiff reference to D.C. Code Ann. § 29-101.119 does not go far enough. Again, further review of the statute reveals that the statute's language also provides "The failure of a foreign corporation to obtain a certificate of authority to transact business in the District shall not impair the validity of any contract or act of such corporation and shall not prevent such corporation from defending any action at law or suit in equity in any court of the District." *See* D.C. Code Ann. §29-101.119(b). The Defendant reminds this court that case was brought by the Plaintiff. The Defendant's subsequent counterclaim in the instant matter arose out of and is part of its defense of the Plaintiff's claim against the Defendant.

The Defendant has stated before that it remained and remains ready to complete the work contracted for under the contract as specified by the Plaintiffs and its contractor. The Defendant only stopped work due to Plaintiff's contractor Rodrigo Allevenade's failure to get the permits necessary to complete work on the project. The Defendant stopped work in recognition of CDCR -16-812, which provides "each home improvement contractor entering into a contract for performance on any home improvement work for which a permit is required by applicable law of the District of Columbia shall be responsible for taking such action as may be necessary to ensure that the work is performed only under the authority of the required permit an din accordance with all its terms." The Defendant refused the Plaintiff's request to continue work and was subsequently hauled into the jurisdiction of this Honroable Court. Therefore the Defendant's counterclaim should stand.

### III.  DEFENDANT'S RESPONSE TO PLAINTIFF'S ASSERTION THAT DEFENDANT'S CLAIM FOR BREACH OF CONTRACT AND PROMISSORY ESTOPPEL/DETRIMENTAL RELIANCE FAIL TO STATE A CAUSE OF ACTION.

### A.  Breach of Contract

A breach of contract is defined as an unjustified failure to perform all or any part of what is promised in a contract. A total breach is defined as a material failure of performance, which goes to the "essence" and frustrates substantially the purpose for which the contract was agreed to by the injured party. <u>United States of America for Bricks, Blocks & Concrete Co., Inc., v. Frontier Insurance Co., et al.</u>, 2001 U.S. dist. Lexis 24451. The Defendant's argument for breach of contract is based on the facts alleged in the Defendant's counter-complaint. In the case at bar, there was mutual promises of a parties that was reduced to a written agreement. The Defendant promised

to perform work for the Plaintiff as supervised by the Plaintiff's and its contractor. The Plaintiff promised to pay the Defendant. The breach of the contract occurred due to the Plaintiff's refusal to continue under the contract, which was precipitated by the failure of the Plaintiff's Contractor, Rodrigo Alleveneda to obtain the necessary permits to conclude the construction. This breach was the actual and proximate cause of the Defendant's inability to realize significant and substantial amounts of money contracted for under the contract.

### B. Promissory Estoppel/Detrimental Reliance

Plaintiff's argue that the United States Court of Appeals has affirmed the principle that a promise to perform a pre-existing contractual obligation does not constitute sufficient consideration for a subsequent agreement. While the Defendant acknowledges this point of law, the Defendant also argues that the facts of this case support the contention that the Defendant's contractual obligation ended after work had stopped under the contract for more than (90) days. See Agreement P3, ¶15. After this point the Defendant's act of forbearing from its right to terminate the contract due to the Plaintiff's request and assurance (promise that the Defendant would get paid) constitutes consideration sufficient to support a claim of promissory estoppel. "To hold a defendant liable under this doctrine there must be a promise which reasonably leads the promisee to rely on it to his detriment, with injustice otherwise not being avoidable. Restatement, Contracts § 90 (1932). In this case the promise of payment reasonable lead the Defendant to remain in the contract although work had stopped for more than (90) days. Likewise if there is no reasonably foreseeable likelihood of reliance by the person receiving the offer or promise, the doctrine does not permit recovery. And the reliance

must be 'justifiable.' See <u>Robert Gordon v. Ingersoll-Rand Co.,</u> 217 F.2d at 661. Here the Defendant's reliance was reasonably foreseeable and was justifiable.

 WHEREFORE, Defendant requests this Honorable Court to deny the motion to dismiss its counterclaim against the Defendant, and for such other and further relief as this Honorable Court may deem just and proper.

        Respectfully Submitted

        SELF CONSTRUCTION, INC.

        By Counsel
        <u>/s/ Reginald M. Sealey</u>
        The Law Offices of Reginald M. Sealey, LLC
        D.C. Bar No. 385632
        6231 Crain Hwy, SE
        Upper Marlboro, Maryland  20772
        Phone (301)952-8809
        Fax (301) 952-9220
        *Counsel for the Defendant*

        <u>/s/ Harold L. Boyd, III</u>
        Harold L. Boyd, III
        The Boyd Law Firm
        D.C. Bar No. 481736
        6231 Crain Hwy, SE
        Upper Marlboro, Maryland  20772
        Phone (301) 952-2004
        Fax (301) 952-9220
        *Counsel for the Defendant*

## CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that on this 13th day of July 2006, a copy of the foregoing Counterclaim was mailed first-class mail, postage prepaid to Attorneys for the Plaintiff:

    Gerald I. Katz and Stephen W. Smith
    Attorneys for the Plaintiff
    Katz & Stone, L.L.P
    8230 Leesburg, Pike, Suite 600
    Vienna, Virginia  22182

        <u>/s/ Reginald M. Sealey</u>
        Reginald M. Sealey, Esq.