UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BABAK DJOURABCHI, et al., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No.  1:06CV00810 |
| ) | Judge: Royce C. Lamberth |
| HARRY J. SELF, JR. et. Al., ) | Deck Type:  Contract |
| ) | Date Stamp: |
| Defendants. ) | |
| ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Comes Now, Defendants HARRY SELF, JR. AND SELF CONSTRUCTION, INC., by and through undersigned Counsel in response and opposition to the Plaintiffs' Babak Djourabchi and Monica Welt's Motion for Leave to file Amended Complaint to add a cause of action against the Defendants.  The Defendants have set forth the arguments which form the basis for opposition to this current motion in previous pleadings and due to the necessity of meeting this court's deadlines simply restates those arguments in its current response to the Plaintiff's motion.

1.  The Plaintiffs correctly state Fed. R. Civ. P. 15 "provides, in pertinent part, that leave to amend a party's pleading "shall be freely given when justice so requires." However,  Plaintiffs also correctly point out that this Court has held that such leave shall be granted if there is an "absence of undue delay, bad faith, undue prejudice of the opposing party, repeated failure to cure deficiencies, or futility."  Woodward & Lothrop, Inc. v. Baron, 1984 U.S. Dist. LEXIS 17739 (D.D.C., April 10, 1984)

.

2. As stated in previous pleadings, this Opposition is brought by Defendants Harry Self Jr. and Self Construction, Inc., if this Court does not release Harry Self, Jr. from this litigation.  Again, it is the Defendants contention that this action is more appropriately an action against Self Construction, Inc., by homeowners Babak Djourabchi and Monica Welt,   At all times relevant to the matter in dispute, Harry Self, Jr. has operated under the protection of limited liability provided a corporation under the laws of the State of Maryland and the District of Columbia.

## I. PLAINTIFF'S MOTION IS BROUGHT IN BAD FAITH.

1. Defendants did not intentionally hide or mislead the Plaintiffs with regard to any aspect of their corporate or regulatory status.  As stated in previous pleadings by Defendants, the Defendants have acted in good faith with the intent on finishing the work it was contracted to complete.  Pursuant to the Agreement of the parties, previously submitted to this Court, the Plaintiffs agreed to be responsible for all Zoning, Permit Fees and other licensing and inspections necessary for proper execution and completion of the work.  See Agreement P2, ¶12.  The Defendants insisted on this position throughout the entire negotiation of the agreement because Defendants did not intend to be seen as the general contractor on the job and sought to operate under the supervision of home improvement contractor licensed in the District of Columbia.

2. This is further evident by that fact that, pursuant to the Agreement. The Plaintiffs, to the Defendant's satisfaction, chose to exercise their rights under the Agreement to <u>Perform/Award Separate Contracts</u> (See Agreement P3, ¶16) and hired Rodrigo Avellaneda to secure the permits needed for construction.

3. Defendants again point out that this case is distinguishable from previous case law in that they acted based on the representations of the Plaintiffs and are only before the court today, due to Defendants attempt to insure that the Plaintiffs and their contractor, comply with the laws of the District of Columbia. But for the Defendants' refusal to continue work on the Plaintiffs' home in violation of the permitting requirements of the District of Columbia, the Plaintiffs would have had the Defendants complete the work on their property behind the back of regulation of this jurisdiction.

4. Defendant argues that such a regulatory result is perverse and cannot possibly be deemed to be consistent with the regulatory purposes of the District of Columbia's Home Improvement Regulations.

5. The Plaintiff's failure to acknowledge this fact and effort to assert a cause of action against the Defendant for Fraud/Fraudulent Misrepresentation and Fraudulent Inducement is in Bad Faith and itself fraudulent and misleading to the Court. To hold the Defendant at fault in this case without any account of the actions of the Plaintiff turns a blind eye to public policy. Such a position forces Defendants, who find themselves unfortunately situated as the one currently at bar, to make a decision to complete work illegally in order to avoid the consequences of the home improvement regulation. The Plaintiff's Motion for Leave to Amend [their] Complaint deserves denial by this court, particularly, where it may be proved that Consumers, such as the ones currently at bar, are sophisticated and perhaps versed in the law and that they intended to violate the law by forcing the Defendants to complete work in violation of code requirements.

**II. PLAINTIFFS' MOTION IS UNDULY PREJUDICIAL TO THE DEFENDANTS.**

1. The Plaintiff's effort to assert this claim adds the additional burden of subjecting the Defendants to damages beyond damages the Plaintiff would normally be entitled under the statutory scheme. The assertion of this cause of action is an attempt to achieve damages unwarranted by the statutory remedy applied in this litigation.

2. Furthermore the allowance of the additional claim will ultimately require the Defendants to amend their answer, counter-complaint and original pleading to address this new claim against the Defendants and will require preparation of additional witnesses to defend this action.

WHEREFORE, Defendants requests this Honorable Court to deny the Plaintiff's Motion for Leave to Amend their Complaint against the Defendants, and for such other and further relief as this Honorable Court may deem just and proper.

Respectfully Submitted

SELF CONSTRUCTION, INC.

By Counsel
/s/ Reginald M. Sealey
The Law Offices of Reginald M. Sealey, LLC
D.C. Bar No. 385632
6231 Crain Hwy, SE
Upper Marlboro, Maryland  20772
Phone (301)952-8809
Fax (301) 952-9220
*Counsel for the Defendant*

/s/ Harold L. Boyd, III
Harold L. Boyd, III
The Boyd Law Firm
D.C. Bar No. 481736
6231 Crain Hwy, SE
Upper Marlboro, Maryland  20772
Phone (301) 952-2004
Fax (301) 952-9220
*Counsel for the Defendant*

CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on the 16th day of October, 2006, true and accurate copies of the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLANT, and accompanying proposed ORDER were electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

    Gerald I. Katz and Stephen W. Smith
    Attorneys for the Plaintiff
    Katz & Stone, L.L.P
    8230 Leesburg, Pike, Suite 600
    Vienna, Virginia  22182

              /s/ Reginald M. Sealey
              Reginald M. Sealey, Esq.