IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BABAK DJOURABCHI, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 06-810 (RCL) |
| ) | |
| HARRY J. SELF, JR., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

COME NOW, Plaintiffs Babak Djourabchi and Monica Welt, by counsel, pursuant to Fed. R. Civ. P. 15 and Local Rule 7, and, for their Reply to Defendants' Response ("Response") to Plaintiffs' Motion for Leave to File Amended Complaint ("Motion"), state as follows:

**ARGUMENT**

**I. Defendants' Repetition of Their Previous Pleadings Wholly Fails to Support Their Allegation that Plaintiffs' Motion is Brought in Bad Faith, Fraudulent, and Misleading to the Court.**

In Part I of their Response, Defendants brazenly allege that Plaintiff's Motion is not only brought in bad faith, but is also fraudulent and misleading to the Court. In support of this accusation, Defendants merely regurgitate allegations from their previous pleadings contesting the merits of Plaintiffs' action against them. Accordingly, the basis for Defendants' assertion that the Motion for leave to amend the Complaint is brought in bad faith, fraudulent and misleading is simply Defendants' disagreement with the Complaint itself. However, such disagreement plainly and wholly fails to support the charge that the Motion itself is brought in bad faith, much less is fraudulent or misleading to the Court.

Defendants further reveal the baselessness of their accusation by asserting that the Motion is brought in bad faith, fraudulent, and misleading to the Court because Plaintiffs fail to "acknowledge" Defendants' contention, made in their Opposition to Plaintiffs' Motion to Dismiss Counterclaim ("Opposition"), that the voiding of Defendants' contract under District of Columbia law due to their failure to be properly licensed as home improvement contractors is a perverse or inconsistent penalty.  Response, p.3.  However, Defendants are well aware, as Plaintiffs expressly set forth in their Reply to the Opposition, that District of Columbia courts have repeatedly rejected Defendants' contention as having no merit.  *See*, *e.g.*, Cevern, Inc. v. Ferbish, 666 A.2d 17, 20 (D.C. 1995)("potential unfair applications of the rule at the margins have not persuaded us to sacrifice the benefits of a clear-cut, unmistakable requirement, with equally clear consequences for noncompliance, in this area of consumer protection").  Therefore, Plaintiffs' refusal to "acknowledge" Defendants' contention is supported by well-established precedent, and provides absolutely no basis for Defendants' allegation that that the Motion is brought in bad faith, fraudulent, and misleading to the Court.

Accordingly, the Court should reject, in its entirety, Defendant's wholly unsupported allegation that Plaintiffs' Motion is brought in bad faith, much less is fraudulent or misleading to the Court.

### II. Defendants' Claim That Plaintiffs' Motion is Unduly Prejudicial is Wholly Unsupported by Any Valid Allegation of Undue Prejudice.

In support of their assertion that Plaintiffs' Motion is unduly prejudicial, Defendants cite two instances of alleged undue prejudice caused by the Motion.  However, neither one is a valid allegation of undue prejudice under District of Columbia law, nor a valid basis for denying Plaintiffs' Motion.

First, Defendants make the peculiar allegation that the amendment of Plaintiffs' Complaint to add a fraud-related count would unduly prejudice Defendants by "subjecting the Defendants to damages beyond damages the Plaintiff [sic] would normally be entitled under the statutory scheme." Response, p.4. It is unknown to which "statutory scheme" Defendants refer, much less what alleged limit on damages exists under such scheme. Defendants may be referring to the District of Columbia Consumer Protection Act (D.C. Code Ann. §§ 28-3901 *et seq.*), which underlies Count II of Plaintiffs' Complaint. However, the Act does not provide an amount or limit of damages to which a plaintiff is "normally" entitled. Moreover, the separate count which Plaintiffs seek to add to their Complaint does not add damages to those sought under Count II. To the contrary, it is elemental that each count of a complaint is a separate theory of recovery of the damages which the plaintiff has incurred. Therefore, Defendants' puzzling contention that cumulative damages will result from Plaintiffs' Motion is unfounded in either fact or law, much less a valid allegation of undue prejudice.

Second, Defendants allege that the amendment of Plaintiffs' Complaint would cause undue prejudice by "ultimately requir[ing] the Defendants to amend their answer, counter-complaint and original pleading to address this new claim." *Id*. However, Defendants do not and cannot explain why they would need to amend their "counter-complaint" to address an affirmative claim by Plaintiffs, which they would not. Moreover, Defendants' "original pleading" is, in fact, their Answer. Therefore, Defendants essentially allege that the amendment of Plaintiffs' Complaint will require them to amend their Answer, and that this will somehow unduly prejudice Defendants. Defendants also allege that the amendment of Plaintiffs' Complaint would cause undue prejudice by "requiring preparation of additional witnesses to address the action." *Id.*

District of Columbia courts have made clear that, where a party seeks to amend its initial pleading, the other party will not deemed to have suffered undue prejudice merely because of a delay – even a lengthy delay – in the bringing of the amendment or because the other party had incurred time and expense in reliance on the party's initial position.  *See*, *e.g.*, *District of Coumbia v. Tinker*, 691 A.2d 57 (D.C. 1997); *Eagle Wine & Liquor Co. v. Silverberg Elec. Co.*, 402 A.2d 31 (D.C. 1979).  As such, Defendants' contention that they will be unduly prejudiced by Plaintiffs' amendment has no merit.  As set forth in Plaintiffs' Motion, the Court is still considering the parties' initial motions and has yet to issue any Order for Initial Scheduling Conference imposing any deadlines on the parties in this matter.  Accordingly, there has been no passage of time or necessary investment of expense by the parties in the preparation of this matter for trial.  Therefore, not only do delay and reliance costs fail to make the amendment of an initial pleading unduly prejudicial under District of Columbia law, but they also have not occurred in the instant action.

Although Defendants protest that the amendment of Plaintiffs' Complaint will require them to amend their Answer and add potential witnesses, the alleged time and cost to be incurred in such activities wholly fails to rise to the level of undue prejudice under District of Columbia law.  The effort required to amend Defendants' Answer to address one new count will be minimal.  Moreover, given the present state of the instant action, with initial partially-dispositive motions still pending and no Order for Initial Scheduling Conference having yet been issued, little – if any – cost will be presently incurred by Defendants for any alleged additional witnesses.  Therefore, Defendants fail to allege any valid instances of undue prejudice arising from Plaintiffs' Motion under District of Columbia law, and thus fail to allege any valid basis for the denial of Plaintiffs' Motion.

WHEREFORE, Plaintiffs Babak Djourabchi and Monica Welt respectfully request that the Court issue an Order granting Plaintiffs leave to file the Amended Complaint attached to their Motion, and deeming the Amended Complaint to have been filed and served on Defendants by mail on the date on which the Order is entered; and grant such further relief as the Court deems necessary and just.

                Respectfully submitted,

                BABAK DJOURABCHI and
                MONICA WELT

                By Counsel

/s/ Stephen W. Smith
Gerald I. Katz, D.C. Bar No. 237925
Stephen W. Smith, D.C. Bar No. 463900
KATZ & STONE, L.L.P.
8230 Leesburg Pike, Suite 600
Vienna, Virginia 22182
(703) 761-3000
(703) 761-6179 (fax)
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing **PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** was electronically filed with the Clerk of the Court using the CM/ECF system this 23rd day of October, 2006, which will send a notice of electronic filing to the following:

                Reginald M. Sealey, Esquire
                The Law Offices of Reginald M. Sealey
                Harold L. Boyd, III
                The Boyd Law Firm
                6231 Crain Hwy, SE
                Upper Marlboro, Maryland 20772
                *Counsel for Defendants*

                /s/ Stephen W. Smith
                Stephen W. Smith

J:\04400.003\Pld\By Clients\Complaint & Service\006sws Reply to Opp to Motion for Leave.doc:bd