UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BABAK DJOURABCHI, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 06-810 (RCL) |
| ) | |
| HARRY J. SELF, JR., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiffs Babak Djourabchi and Monica Welt, District of Columbia residents, filed a two-count complaint [1] in this Court on May 2, 2006, seeking judgment in the amount of at least $627,310.98 plus interest, costs, and fees, against defendants Harry J. Self, Jr., a Maryland resident, and Self Construction, Inc. ("Self Construction"), a Maryland corporation. (Compl. ¶¶ 1-5.) Defendants answered [6] on June 12, 2006.

Jurisdiction is proper under 28 U.S.C. § 1332(a) and venue lies in this district under 28 U.S.C. § 1391(a)(2). Three motions are before the Court.

*I. Factual Background*

Plaintiffs' claims arise out of a home improvement contract entered into with defendants on May 13, 2005 ("Agreement"), and a subsequent Addendum signed on July 30, 2005, providing for certain work to be performed by Mr. Self and Self Construction on plaintiffs' residence. (Compl. ¶¶ 7-17.) Plaintiffs allege that defendants breached the Agreement and Addendum by failing to perform and complete work in a timely and workmanlike manner, refusing to compensate plaintiffs for damages and costs, and by failing to be licensed to perform

work in the District of Columbia as a general contractor.  (Compl. ¶¶ 18-20.)  Plaintiffs further allege that defendants committed an unfair trade practice in violation of the D.C. Consumer Protection Procedures Act, D.C. Code § 28-3904, by accepting payment from plaintiffs to perform home improvement services without being licensed.  (Compl. ¶¶ 21-26.)  Defendants generally deny plaintiffs' allegations, but in their answer, state that they "are without knowledge or information sufficient to form a belief as to the truth of" plaintiffs' allegations that defendants are unlicensed.  (Ans. ¶ 16; *see* Compl. ¶ 16.)  In a conclusory manner, defendants raise twenty-two "affirmative and negative defenses," but do not allege any facts in support of these defenses.  (*See* Ans. ¶¶ 27-33.)

*II. Defendants' Motion to Dismiss for Joinder of an Improper Party*

On June 12, 2006, defendants filed a motion to dismiss for joinder of an improper party [4], seeking to release Mr. Self from the litigation in his individual capacity.  Plaintiffs opposed [11] the motion on June 23; defendants never replied.  Upon consideration of the motion and the opposition thereto, the Court finds that this motion shall be DENIED.

Defendant Harry J. Self, Jr. alleges that he is "an individual operating a corporation duly organized under the laws of the State of Maryland."  (Defs.' Mot. [4] at 2.)  Mr. Self further alleges that "[a]t all times relevant to the matter in dispute, . . . [he] operated under the protection of limited liability provided a corporation under the laws of the State of Maryland and the District of Columbia."  (*Id.*)  Mr. Self provided no evidentiary support for these assertions in his motion.  (*See id.*)  Citing Fed. R. Civ. P. 19(a) and 20(a), plaintiffs maintain that Mr. Self, in his individual capacity, is a proper and necessary party to both counts of the Complaint.  (Pls.' Opp. [11] at 1-3.)  Plaintiffs argue that Mr. Self is not protected from personal liability (*id.* at 3-6)

2

because Self Construction is not a corporation in good standing in Maryland (Compl. ¶ 6.). Plaintiffs submitted a certificate from the Maryland Department of Assessments and Taxation showing that the department forfeited Self Corporation's charter on October 7, 1999. (Pls.' Opp. [11] Ex. 1.) Nothing before the Court shows that Self Corporation's charter has been revived.

This Court must accept the facts alleged in the complaint as true, and construe the complaint liberally in plaintiffs' favor. *See Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). A person is a necessary party to an action if "in the person's absence complete relief cannot be accorded among those already parties." Fed. R. Civ. P. 19(a). In a diversity case, the status of a party under state law controls whether that party should be joined. *CBS, Inc. v. Film Corp. of Am.*, 545 F. Supp. 1382, 1389 (E.D. Pa. 1982); *see also* Fed. R. Civ. P. 17(b) ("The capacity of an individual . . . to sue or be sued shall be determined by the law of the individual's domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized."). Whether plaintiffs can be accorded complete relief without Mr. Self as a party thus depends on Maryland law governing corporations.

Under Maryland law, forfeiture of a corporate charter renders that corporation's powers "inoperative, null, and void . . . without proceedings of any kind either at law or in equity." Md. Code Ann., Corps. & Ass'ns § 3-503(d) (2006). With a forfeited charter, a corporation "is not legally in existence as a corporation and cannot function as a corporation." *Atlantic Mill & Lumber Realty Co. v. Keefer*, 20 A.2d 178, 180 (Md. 1941); *see also Kroop & Kurland, P.A. v. Lambros*, 703 A.2d 1287, 1289 (Md. Ct. Spec. App. 1998) (forfeiture results in dissolution by operation of law).

Upon forfeiture, the corporation's directors act as trustees, Md. Code Ann., Corps. & Ass'ns § 3-515(a) (2006), and may "[s]ue or be sued in their own names as trustees or in the name of the corporation," *id.* § 3-515(c)(3).  However, trustees are only vested with such powers as are "necessary or proper to liquidate the corporation and wind up its affairs."  *Id.* § 3-515(c)(4); *see Patten v. Bd. of Liquor License Comm'rs*, 667 A.2d 940, 945 (Md. Ct. Spec. App. 1995) (explaining that these duties "are all related to completing existing corporate business"). A trustee may be a party to a suit under § 3-515(c)(3) only "if there is a 'rational relationship' between the suit and a legitimate 'winding up' activity of the corporation."  *Dual Inc. v. Lockheed Martin Corp.*, 857 A.2d 1095, 1102 (Md. 2004) (citing *Patten*, 667 A.2d at 945).  The length of time between the forfeiture and the action at issue is one factor courts may consider in determining whether that action was a legitimate "winding up" activity.  *Patten*, 667 A.2d at 945.

In this case, the Court finds that Self Corporation forfeited its corporate charter, has not revived its charter, and therefore has no legal existence.  Although Mr. Self has not alleged that he is a director or trustee of Self Corporation, he has alleged that he is "an individual operating a corporation duly organized under the laws of the State of Maryland."  (Defs.' Mot. [4] at 2.) From the pleadings, it appears that Mr. Self is the proprietor of Self Corporation and as such shall be treated as its director-trustee.

As trustee of Self Construction, Mr. Self may only sue or be sued in his own name on its behalf if the suit is rationally related to winding up Self Construction's affairs.  Md. Code Ann., Corps. & Ass'ns § 3-515(c)(4) (2006); *Dual Inc.*, 857 A.2d at 1102.  The pleadings indicate that Mr. Self has not "wound up" Self Construction's affairs.  Rather, he continues to conduct business in the name of his defunct corporation by taking on new business more than five years

after the forfeiture of his corporation's charter. (*See* Compl. ¶¶ 7-8.) Mr. Self has no power to actively operate his corporation with a forfeited charter. Md. Code Ann., Corps. & Ass'ns § 3-515 (2006); *Patten*, 667 A.2d at 945. Indeed, Maryland law specifically prohibits "transact[ing] business in the name or for the account of a corporation knowing that its charter has been forfeited and has not been revived." Md. Code Ann., Corps. & Ass'ns § 3-514(a) (2006). Maryland law presumes that "a person who was an officer or director of a corporation at the time its charter was forfeited" knew of the forfeiture, "unless there is clear evidence to the contrary." *Id.* § 3-514(b). There is nothing in the pleadings or other filings before the Court to overcome the presumption that Mr. Self, as an officer of Self Corporation, knew of the forfeiture.

Mr. Self lacks capacity as trustee of Self Corporation to maintain this suit. Instead, Mr. Self may only proceed in his individual capacity. Fed. R. Civ. P. 17(b). Plaintiffs therefore cannot possibly be accorded complete relief without Mr. Self as a party. Fed. R. Civ. P. 19(a). Defendants' motion to release Mr. Self as a party in his individual capacity is therefore DENIED. Furthermore, because the Court finds that Self Construction does not legally exist, that party is DISMISSED on the Court's initiative. Fed. R. Civ. P. 21 ("Parties may be dropped . . . by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.").

*III. Plaintiffs' Motion to Dismiss Counterclaim*

Defendants filed a counterclaim [12] on June 23, 2006. Having dismissed Self Corporation, the Court will treat the counterclaim as having been brought by Mr. Self in his individual capacity and will now refer to him as "defendant." Defendant seeks judgment against plaintiffs for $56,512.40 plus interest, costs, and fees, alleging breach of contract (Countercl. ¶¶

23-27) and promissory estoppel (*id.* ¶¶ 28-32).  On July 3, plaintiffs filed a motion to dismiss the counterclaim [13] for failure to state a claim upon which relief can be granted.  Defendant opposed [14] the motion on July 14; plaintiffs replied [15] on July 21.  Upon consideration of the pleadings, the motion, and the opposition and reply thereto, the Court finds that this motion shall be GRANTED.

Defendant alleges in his counterclaim that on July 30, 2005, the parties "executed an additional handwritten Addendum with notes" that shifted the responsibility of obtaining permits from defendant to plaintiffs.  (Countercl. ¶¶ 12-13.)  Defendant alleges that the permits were not obtained, that plaintiffs demanded he continue work despite this, and that defendant refused to work without the permits.  (*Id.* ¶¶ 14-15.)  Defendant further alleges that "[t]hroughout this matter, [plaintiffs] requested that [defendant] remain available for work under the contract and [defendant] agreed to do so.  At this time, [defendant] informed [plaintiffs] that in order to do so he was incurring costs and requested that they be paid."  (*Id.* ¶ 25.)  Defendant alleges that he incurred costs "[c]onsistent with this Agreement" (*id.* ¶ 26), or in the alternative, that he incurred costs "[i]n reliance on this Agreement . . . to the detriment of [his] rights to withdraw from the contract" (*id.* ¶ 31).

Because the defendant's counterclaim arises out of the same "transaction or occurrence" as plaintiffs' claims, it is a compulsory counterclaim.  Fed. R. Civ. P. 13(a).  As a compulsory counterclaim, this pleading was required to have been filed as part of defendant's answer.  Fed. R. Civ. P. 13(a).  Defendant should have requested leave of court to set up the amendment of his omitted counterclaim.  Fed. R. Civ. P. 13(f); *see* 6 Charles Alan Wright, Arther R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1479 (2d ed. 1990).  However, defendant filed it

within the twenty-day time period provided in Fed. R. Civ. P. 15(a) for amending a pleading as a matter of course. Plaintiff had not filed a reply and does not challenge the counterclaim on this ground. Therefore the Court will treat the counterclaim as an amendment to defendant's answer. *See* Wright, Miller & Kane, *supra* (noting that the liberal amendment policy of Fed. R. Civ. P. 15(a) furthers the policy of Fed. R. Civ. P. 13 "to adjudicate as many related claims as exist between the parties in one action," but that "the safer course probably is to move to amend under Rule 13(f) so that the opposing party cannot challenge the propriety of the added counterclaim at some later time").

The Court has supplemental jurisdiction over defendant's counterclaim because it is so related to plaintiffs' claims, over which the Court has original jurisdiction, as to form part of the same case or controversy. 28 U.S.C. § 1367(a). There is no reason to decline exercising supplemental jurisdiction under either § 1367(b) or § 1367(c).

A counterclaim should not be dismissed under Fed. R. Civ. P. 12(b)(6) unless the counterclaimant "can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see Johns v. Rozet*, 141 F.R.D. 211, 219 (D.D.C. 1992). As with a complaint, a counterclaim must be liberally construed and the counterclaimant "given the benefit of all inferences that can be derived from the facts alleged." *Johns*, 141 F.R.D. at 219 (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)). The law of the District of Columbia, where plaintiffs' residence is located and where the parties entered into the Agreement and Addendum, governs defendant's counterclaim.

Plaintiffs argue that defendant cannot bring a counterclaim under D.C. consumer protection law, because as an unlicensed contractor, defendant accepted payment before

completing work under the Agreement, thereby rendering the contract void and unenforceable. (Pls.' Mot. [13] at 1-5.) Defendant responds that he "believed [he] operated under the supervision of a licensed Contractor." (Def.'s Opp. [14] at 2.) Defendant further argues that he stopped work because no building permit had been obtained and he did not want to commit an illegal act, therefore it would be harsh to bar his counterclaim. (*Id.* at 3.)

The D.C. Consumer Protection Procedures Act provides that "[i]t shall be a violation of this chapter, whether or not any consumer is in fact misled, deceived or damaged thereby, for any person to: . . . (dd) violate any provision of title 16 of the District of Columbia Municipal Regulations." D.C. Code § 28-3904(dd) (2006). Under the Municipal Regulations, "[n]o person shall require or accept any payment for a home improvement contract in advance of the full completion of all work required to be performed under the contract, unless that person is licensed as a home improvement contractor." D.C. Mun. Regs. tit. 16, § 800.1 (2006). This provision is strictly applied and results in voiding the contract and rendering it unenforceable. *Cevern, Inc. v. Ferbish*, 666 A.2d 17, 19-20 (D.C. 1995) (upholding strict application of rule that "receipt of payment by an unlicensed contractor before completion of the work under the contract violates the home improvement regulations and renders the contract void and unenforceable, even on a quasi-contractual basis" (quoting *Capital Constr. Co. v. Plaza West Coop. Ass'n*, 604 A.2d 428, 429-30 (D.C. 1992))).

Exhibit 4 of defendant's counterclaim, the purported Agreement, states that "Harry Self, as sole proprietor of Self Construction, a general contracting business" (Def.'s Opp. [14] Ex. 4, preamble), "attests that he is . . . licensed as a general contractor in the District of Columbia, and will maintain such during the entire duration of the construction" (*id.* ¶ 4). In his answer,

8

defendant stated that he is "without knowledge or information sufficient to form a belief as to the truth of" plaintiffs' allegation that he lacked a license to perform work as a general contractor in the District. (Ans. ¶ 16.)  Such an answer generally has the effect of a denial.  Fed. R. Civ. P. 8(b).  However, a party "may not deny sufficient information or knowledge with impunity, but is subject to the requirements of honesty in pleading.  An averment will be deemed admitted when the matter is obviously one as to which a defendant has knowledge or information."  *David v. Crompton & Knowles Corp.*, 58 F.R.D. 444, 446 (E.D. Pa. 1973) (internal citation omitted).  Moreover, a party "may be held to the duty to exert reasonable effort to obtain knowledge of a fact."  *Greenbaum v. United States*, 360 F. Supp. 784, 787 (E.D. Pa. 1973).  In this case, defendant, as sole proprietor of Self Corporation, should know whether his corporation or he himself was properly licensed as a general contractor in the District.  With respect to Self Construction and Mr. Self individually, therefore, the Court will deem admitted plaintiffs' allegation that "defendants" were not properly licensed.

Defendant's argument that he "believed [he] operated under the supervision of a licensed Contractor" (Def.'s Opp. [14] at 2), whose identity defendant does not specify, only lends support to the inference that defendant in fact had no license.  Even if defendant believed that Self Construction was properly licensed, this belief would be unavailing, because as the Court has already held, Self Construction has no legal existence.  Furthermore, even if defendant believed that he operated under the supervision another licensed contractor hired by plaintiffs, this would not shield defendant from liability because the regulation is not limited to general contractors, but provides that "*[n]o person* shall require or accept any payment for a home improvement contract in advance of the full completion of all work . . . ."  D.C. Mun. Regs. tit.

16, § 800.1 (2006) (emphasis added).  Liberally construing the counterclaim and giving defendant the benefit of all reasonable inferences that may be drawn therefrom, the Court still finds no ground to support the conclusion that defendant was a licensed contractor.

Defendant also denied that he has received any payment from plaintiffs.  (Ans. ¶ 10.)  However, the exhibits attached to defendant's counterclaim contradict this denial.  Defendant's Exhibit 4 states that plaintiffs were required to make a $20,000.00 down payment when the Agreement was signed.  (Countercl. Ex. 4 at ¶ 4.)  Furthermore, Defendant's Exhibit 3, the purported Addendum, states that defendant "will need a [sic] our third Deposit due to lack of funds."  (Countercl. Ex. 3 at ¶ 3.)  Defendant's exhibits harmonize with rather than contradict the allegations in the complaint that plaintiffs did pay defendant prior to completion of the project.  (*See* Compl. ¶ 10.)  The Court must assume for the purposes of this motion that defendant's exhibits are accurate.  Reading these two statements together, defendant's own exhibits indicate that he had received two payments prior to the signing of the Addendum, which necessarily occurred prior to the completion of the work.

In sum, the Court finds that defendant, as an unlicensed home improvement contractor, required and accepted payment in advance of completion of the work required under the contract, and that the contract is thereby rendered void and unenforceable.  D.C. Mun. Regs. tit. 16, § 800.1 (2006); *Cevern, Inc.*, 666 A.2d at 19-20.  This result also bars defendant's claim for promissory estoppel.  *See Cevern, Inc.*, 666 A.2d at 22-23.  The Court must therefore GRANT plaintiffs' motion to dismiss the counterclaim.  As such, there is no need to address the remaining arguments for and against dismissal.

*IV. Plaintiffs' Motion for Leave to Amend the Complaint*

Plaintiffs filed a motion for leave to amend their complaint [16] on October 5, 2006. Plaintiffs seek to add a third count to their complaint, for fraud, fraudulent misrepresentation, or fraudulent inducement.  (Pls.' Mot. [16] Ex. A ¶¶ 26-32.)  Defendant opposed [17] the motion on October 16 and plaintiffs replied [19] on October 23.  Upon consideration of the pleadings, the proposed amended complaint, the motion, the opposition and the reply thereto, the Court finds that this motion shall be GRANTED.

Under Fed. R. Civ. P. 15(a), after a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Such leave is appropriate "in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility."  *Richardson v. United States*, 193 F.3d 545, 548-49 (D.C. Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiffs state that their motion will cause neither undue delay nor undue prejudice to defendant because the Court has not issued a scheduling order; that it is in good faith; and that it is not a repeated effort to cure deficiencies, as they have made no previous requests, nor is it futile, as defendant has yet to make any dispositive challenge to the complaint.  (Pls.' Mot. [16] at 2.)  Defendant argues that plaintiffs' request is in bad faith, but fails to specifically address plaintiffs' grounds in support of their motion.  (Def.'s Opp. [17] at 2-3.)  Instead, defendant merely rehashes the claims he made in opposition to plaintiffs' motion to dismiss the counterclaim.  (*Id.*)  Defendant further argues that granting plaintiffs leave to amend would unduly prejudice him in two ways.  First, he claims that plaintiffs' third count would place upon him "the additional burden of subjecting [defendant] to damages beyond damages [plaintiffs]

would normally be entitled under the statutory scheme." (*Id.* at 4.)  Second, defendant claims that he will be burdened by being required to "amend [his] answer, counter-complaint and original pleading . . . and will require preparation of additional witnesses to defend this action." (Def.'s Opp. [17] at 4.)

The most important factor the Court must consider when deciding whether to grant a motion for leave to amend is the possibility of prejudice to the opposing party.  Wright, Miller & Kane, *supra*, § 1487 (citing, e.g., *Zenith Radio Corp. V. Hazeltine Research, Inc.*, 401 U.S. 321 (1971)).  Where "the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation, the court may deem it prejudicial." *Id.*  Alternately, the court may deny leave to amend where "the proposed amendment would result in defendant being put to added expense and the burden of a more complicated and lengthy trial or that the issues raised by the amendment are remote from the other issues in the case." *Id.*  Where the proponent of the amendment establishes that the additional claim would not "unduly increase discovery or delay the trial, and when the opponent could not claim surprise," however, the amendment should be allowed.  *Id.*  With respect to bad faith, courts generally consider the length of the delay between the latest pleading and the amendment sought.  *Id.* § 1488.  However, delay alone is an insufficient ground to deny the motion unless it prejudices the opposing party.  *Id.*

In this case, the Court finds that plaintiffs' proposed count of fraud, fraudulent misrepresentation, or fraudulent inducement does not substantially change the theory on which the case is proceeding.  Plaintiffs have already pled in their original complaint the facts upon which these theories of recovery are based, namely that defendant failed to perform and complete

work in a timely and workmanlike manner, refused to compensate plaintiffs for damages and costs, and failed to be licensed to perform work in the District of Columbia as a general contractor. (Compl. ¶¶ 18-20.) Plaintiffs simply desire to add that defendant made false representations with respect to these material facts and that plaintiffs made payments to defendant in reliance upon these representations. (*See* Pls.' Mot. [16] Ex. A ¶¶ 27-29.)

Furthermore, the amendment is not proposed so late in the litigation that defendant will be required to engage in significant new preparation, because the Court has yet to order discovery. Also, it is unlikely that the addition of this count will significantly complicate or lengthen the trial, because the issues raised, that defendant made false representations to plaintiffs with respect to the above-mentioned facts, are not remote to plaintiffs' other claims of breach of contract or unfair trade practice. Indeed, it is very likely that any statements defendant made to plaintiffs on these issues will be relevant to the trial. Finally, defendant cannot, and does not, claim surprise. The Court finds therefore that defendant's arguments in opposition to the motion for leave to amend do not overcome the liberal amendment policy of Fed. R. Civ. P. 15(a) and accordingly GRANTS the motion.

*V. Conclusion*

For the foregoing reasons, it is hereby

ORDERED that defendant Self Construction, Inc., is DISMISSED as a party on the Court's initiative pursuant to Fed. R. Civ. P. 21; and it is further

ORDERED that defendants' Motion to Dismiss for Joinder of an Improper Party [4] is DENIED; and it is further

ORDERED that plaintiffs' Motion to Dismiss Counterclaim [13] is GRANTED; and it is further

ORDERED that plaintiffs' Motion for Leave to Amend the Complaint [16] to add Count III, for fraud, fraudulent misrepresentation, or fraudulent inducement, is GRANTED. However, because the Proposed Amended Complaint named Self Construction as a defendant, plaintiffs shall correct their pleading to conform with this Court's order dismissing Self Construction as a party, and shall file their First Amended Complaint within ten (10) days of this order. Defendant shall respond within ten (10) days thereafter.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, December 14, 2006.