UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BABAK DJOURABCHI and MONICA WELT, <br> District of Columbia citizens, <br> 1660-D Beekman Place N.W. <br> Washington, D.C. 20009, <br> <br>         Plaintiffs, <br> <br> v. <br> <br> HARRY J. SELF, JR., <br> a Maryland citizen, <br> 8900 Rollingwood Drive <br> Fort Washington, MD 20744, <br> <br>  **SERVE:**  Reginald M. Sealey, Esquire <br>            The Law Offices of Reginald M. Sealey <br>            Harold L. Boyd, III <br>            The Boyd Law Firm <br>            6231 Crain Hwy, SE <br>            Upper Marlboro, Maryland 20772 <br> <br>         Defendant. | Civil Action No. 06-810 (RCL) |

**FIRST AMENDED COMPLAINT**
**(Breach of Contract, Unfair Trade Practice,**
**and Fraud/Fraudulent Misrepresentation/Fraudulent Inducement)**

      COME NOW, Plaintiffs Babak Djourabchi and Monica Welt, by counsel, and for their

Amended Complaint against Defendant Harry J. Self, Jr. state as follows:

**Nature of the Action**

      1.     This is a diversity breach of contract, unfair trade practice, and fraud/fraudulent

misrepresentation/fraudulent inducement action brought by homeowners Babak Djourabchi and

Monica Welt against contractor Harry J. Self. Jr. to recover damages incurred, treble damages,

interest, costs and attorneys' fees.

**Jurisdiction and Venue**

2.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1332(a) as the sum or value of this matter, exclusive of interest and costs, exceeds $75,000 and there is complete diversity of citizenship between the parties.

3.      Venue is conferred on this Court by 28 U.S.C. § 1391(a)(2) as a substantial part of the events or omissions giving rise to the instant action occurred, and the property that is the subject of the instant action is situated, in the District of Columbia.

**Parties**

4.      Plaintiffs Babak Djourabchi and Monica Welt are citizens of the District Columbia, with their principal place of residence located at 1660-D Beekman Place N.W., Washington, D.C. 20009.  At all times relevant to this action, Plaintiffs were and are the owners of the residence located at 3459 Holmead Place N.W., Washington, D.C. (the "Residence") that is the subject of the instant action.

5.      Upon information and belief, Defendant Harry J. Self, Jr. is a citizen of the State of Maryland, with his principal place of residence located at 8900 Rollingwood Drive, Fort Washington, MD 20744.  At all times relevant to this action, Defendant Harry J. Self, Jr. acted as a general contractor and home improvement contractor within the jurisdiction of this Court, but, upon information and belief, was not and is not licensed to perform work as a general contractor or home improvement contractor in the District of Columbia.

**Facts**

6.      On May 13, 2005, Plaintiffs entered into a Building Construction Agreement with Defendant (the "Contract"), pursuant to which Defendant agreed to perform certain renovation work on the Residence, including renovation of the basement unit, a full addition on the second and third floors, and the construction of a new garage for the Residence (the "Project"), within a

2

period of seven (7) months (the "Contract Time"), for the sum of $212,212.00 (the "Contract Price").

7. On July 30, 2005, the parties entered into an Addendum to the Contract, pursuant to which Defendant agreed to perform certain basement underpinning work in exchange for an increase of the Contract Price to $216,211.00 and an extension of the Contract Time to March 1, 2006.

8. Pursuant to the terms and conditions of the Contract:

   a. Defendant is obligated to secure and provide to Plaintiffs all Mechanical, Electrical and Plumbing ("MEP") designs for the Project, including those required for timely approval and issuance of all permits necessary for the Project;

   b. Defendant is only entitled to payment commensurate with the percentage of work performed completely and correctly;

   c. Payments made to Defendant do not constitute acceptance by Plaintiffs of defective work;

   d. Plaintiffs are permitted to withhold payments from Defendant upon discovery of any substantial breach of the Contract, including defective work, the inability of the work to be completed for the unpaid balance of the Contract Price, and damages incurred by Plaintiffs;

   e. Defendant expressly warrants, among other things, that the work will be free of defects and in accordance with the requirements of the Contract, and that all costs of correcting non-conforming work will be borne by Defendant;

   f. Defendant is obligated to indemnify and hold harmless Plaintiffs from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from performance of work on the Project to the extent caused by the negligent and/or reckless acts or omissions of Defendant, his subcontractor(s), and/or anyone directly or indirectly employed by him or anyone for whose acts he may be liable, regardless of whether or not such claim, damages, loss or expense is caused in part by Plaintiffs; and

   g. Defendant is required to be licensed to perform work as a general contractor in the District of Columbia.

 9. Defendant performed some work on the Project and was paid a total sum of $66,599.00 therefor by Plaintiffs as follows: payments of $20,000 on each of May 13, 2005 (the date of the Contract), May 28, 2005, and August 7, 2005; a payment of $2,600 on June 28, 2005; and a payment of $3,999 on July 30, 2005 (the date of the Addendum to the Contract).

 10. However, Defendant failed to perform and complete his work on the Project in a timely and workmanlike manner, and failed to complete the Project within the Contract Time.

 11. The value of the work performed completely and correctly on the Project by Defendant is only $10,215.00, constituting an overpayment to Defendant by Plaintiffs of $56,384.00.

 12. Moreover, Defendant's basement underpinning work on the Project has been thoroughly defective and deficient, and has thereby placed the Residence in serious danger of damage and collapse, as assessed by independent engineers who have examined the current state of the Residence. The cost for contractors to correct Defendant's work by shoring, removing

Defendant's defective underpinning, and properly underpinning the Residence will be $61,950.00.

13. Furthermore, Plaintiffs have incurred and continue to incur other significant costs and damages, totaling $40,896.98, as the direct result of Defendant's failure to perform and complete his work on the Project in a timely and workmanlike manner, including:

   a. $295.00 for professional engineers to review and report on Defendant's defective and deficient basement underpinning work;

   b. $125.00 for purchase of roof jacks to temporarily support floor joists that have broken under their own weight due to Defendant's removal of weight bearing support columns from the structure;

   c. $10,500.00 for replacement of stressed and damaged floor joists resulting from Defendant's removal of weight bearing support throughout the structure;

   d. $225.00 for fines assessed by the District of Columbia Department of Public Works for garbage and debris that Defendant failed to remove from the Project;

   e. $846.78 for fees assessed by the District of Columbia Water and Sewer Authority resulting from Defendant's negligent maintenance of the project site and the respective water lines;

   f. $28,505.20 in additional mortgage costs as the result of Defendant's failure to complete the Project within the Contract Time; and

   g. $ 400.00 in tools owned by Plaintiffs which Defendant has failed and/or refused to return to Plaintiffs.

14. In addition, as the direct result of Defendant's failure to perform and complete his work on the Project in a timely and workmanlike manner, Plaintiffs are now obligated to retain another contractor to perform and complete the Project at a price which presently exceeds the Contract Price by $468,080.00.

15. Upon information and belief, Defendant was not and is not licensed to perform work as a general contractor or home improvement contractor in the District of Columbia.

16. Despite due demand by Plaintiffs, Defendant has failed and/or refused to compensate Plaintiffs for the Six Hundred Twenty-Seven Thousand Three Hundred Ten and 98/100 Dollars ($627,310.98) in damages, plus interest, fees and costs, which the Plaintiffs have incurred and will continue to incur as the result of Defendant's failure to perform and complete his work on the Project in a timely and workmanlike manner.

## COUNT I
### (Breach of Contract)

17. The allegations contained in paragraphs 1 through 16 above are incorporated herein by reference as if set forth in full.

18. Defendant's failure to perform and complete his work on the Project in a timely and workmanlike manner; failure and/or refusal to compensate Plaintiffs for the damages and costs that they have incurred and will continue to incur as a result thereof; and failure, upon information and belief, to be licensed to perform work as a general contractor in the District of Columbia, constitute material breaches of the Contract.

19. As a direct and proximate result of such breaches, Plaintiffs have incurred and will continue to incur damages in the amount of at least Six Hundred Twenty-Seven Thousand Three Hundred Ten and 98/100 Dollars ($627,310.98), plus interest, costs and attorneys' fees.

WHEREFORE, Plaintiffs Babak Djourabchi and Monica Welt request that this Honorable Court enter judgment against Defendant Harry J. Self. Jr. in the amount of at least Six Hundred Twenty-Seven Thousand Three Hundred Ten and 98/100 Dollars ($627,310.98), plus pre- and post-judgment interest, costs and attorneys' fees, and for such other and further relief as this Court deems just and proper.

## COUNT II
### (Unfair Trade Practice)

20. The allegations contained in paragraphs 1 through 19 above are incorporated herein by reference as if set forth in full.

21. Defendant executed the Contract and accepted payment from Plaintiffs for the performance of home improvement services on the Project without being licensed as a home improvement contractor by the District of Columbia.

22. As such, Defendant engaged in an unfair trade practice in violation of the District of Columbia Consumer Protection Act (D.C. Code Ann. §§ 28-3901 *et seq.*)(the "DCCPA").

23. Pursuant to the DCCPA, Plaintiffs are entitled to recover treble damages, reasonable attorneys' fees, and punitive damages from Defendant as a result of his unfair trade practice.

24. Accordingly, Plaintiffs seek judgment against Defendant for at least One Million Eight Hundred Eighty-One Thousand Nine Hundred Thirty-Two Thousand and 94/100 Dollars ($1,881,932.94) in treble damages, Three Thousand Four Hundred Three and 72/100 Dollars ($3,403.72) in attorneys' fees incurred to-date by Plaintiffs, and Two Hundred Twelve Thousand Two Hundred Twelve and 00/100 Dollars ($212,212.00) in punitive damages.

WHEREFORE, Plaintiffs Babak Djourabchi and Monica Welt request that this Honorable Court enter judgment against Defendant Harry J. Self. Jr. in the amount of at least

Two Million Ninety-Seven Thousand Five Hundred Forty-Eight and 66/100 Dollars ($2,097,548.66), plus pre- and post-judgment interest, costs and attorneys' fees, and for such other and further relief as this Court deems just and proper.

## COUNT III
### (Fraud/Fraudulent Misrepresentation/Fraudulent Inducement)

25.     The allegations contained in paragraphs 1 through 24 above are incorporated herein by reference as if set forth in full.

26.     Defendant, knowingly and with the intent to deceive Plaintiffs, made false representations to Plaintiffs in reference to the material fact that he was not licensed to perform work as a general contractor or home improvement contractor in the District of Columbia, and Plaintiffs entered into the Contract and made payments to Defendant in reliance upon such representations.

27.     Defendant, knowingly and with the intent to deceive Plaintiffs, made false representations to Plaintiffs in reference to the material fact that he would not and did not perform proper and adequate underpinning of the Project, and Plaintiffs entered into the Contract and made payments to Defendant in reliance upon such representations.

28.     Defendant, knowingly and with the intent to deceive Plaintiffs, made false representations to Plaintiffs in reference to the material fact that he had not properly performed certain work on the Project and thus was not entitled under the Contract to the payments therefor which he requested from Plaintiffs, and Plaintiffs made payments to Defendant in reliance upon such representations.

29.     Such actions by Defendant constitute fraud, fraudulent misrepresentation, and/or fraudulent inducement.

30. As a direct and proximate result of such fraud, fraudulent misrepresentation, and/or fraudulent inducement, Plaintiffs have incurred and will continue to incur damages in the amount of at least Six Hundred Twenty-Seven Thousand Three Hundred Ten and 98/100 Dollars ($627,310.98), plus interest, costs and attorneys' fees.

31. Plaintiffs have fulfilled all conditions precedent to the bringing of this suit, and have fully performed all obligations and duties to which they are subject except to the extent that they have been excused.

WHEREFORE, Plaintiffs Babak Djourabchi and Monica Welt request that this Honorable Court enter judgment against Defendant Harry J. Self. Jr. in the amount of at least Six Hundred Twenty-Seven Thousand Three Hundred Ten and 98/100 Dollars ($627,310.98), plus pre- and post-judgment interest, costs and attorneys' fees, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

BABAK DJOURABCHI and MONICA WELT

By Counsel

_____
Gerald I. Katz, D.C. Bar No. 237925
Stephen W. Smith, D.C. Bar No. 463900
KATZ & STONE, L.L.P.
8230 Leesburg Pike, Suite 600
Vienna, Virginia 22182
(703) 761-3000
(703) 761-6179 (fax)
*Counsel for Plaintiffs*

J:\04400.003\Pld\By Clients\Complaint & Service\007sws Amended Complaint.doc:bd