## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BABAK DJOURABCHI and MONICA WELT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:06-cv-00810-RCL |
| | ) | |
| HARRY J. SELF, JR., | ) | |
| | ) | |
| Defendant. | ) | |

### PARTIES' JOINT SCHEDULING REPORT

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, and Rules 16.1 and 16.3 of the Local Rules of this Court, counsel for Plaintiffs Babak Djourabchi and Monica Welt and counsel for Defendant Harry J. Self, Jr. have conferred and hereby submit the following joint scheduling report to the Court in the above-captioned matter.

**I.      Brief Statement of the Case**

Plaintiffs and Defendant entered into a contract pursuant to which Defendant was to perform certain improvements to Plaintiffs' residential property in Washington, D.C.  Plaintiffs' position is that Defendant failed to properly and completely perform its work pursuant to the contract, performed work without appropriate licensure from the District of Columbia, was overpaid for the work which it performed, and caused damage to the property while performing work.  Defendant's position is that Plaintiffs prevented Defendant from performing its work.

After Plaintiffs filed an initial Complaint against both Defendant and Self Construction, Inc. ("Self Construction"), Self Construction filed a Counterclaim and moved to dismiss Defendant as an improper party.  Plaintiffs moved to dismiss the Counterclaim, opposed the motion to dismiss Defendant, and moved for leave to file an Amended Complaint.  After Self Construction opposed Plaintiffs' motion for leave and Plaintiffs filed a reply thereto, the Court

issued an Order on December 14, 2006, denying Self Construction's motion to dismiss

Defendant, dismissing Self Construction as a party, and granting Plaintiffs' motions to dismiss

the Counterclaim and for leave to file the Amended Complaint.  Defendant has filed an answer to

Plaintiffs' Amended Complaint.

## II.    Statutory Basis for All Causes of Action and Defenses

Plaintiff's Amended Complaint was filed pursuant to 28 U.S.C. §§ 1332 and 1391, and

includes a count pursuant to the District of Columbia Consumer Protection Act, D.C. Code Ann.

§§ 28-3901 *et seq.*  No other statutory bases have, at present, been cited for the parties' causes of

action and/or defenses.

## III.    Proposed Schedule

The parties are presently unable to agree on a joint proposed schedule for this matter.

They separately propose the following schedules, based on the Court's typical Track Two

schedule:

### A.    Schedule Proposed by Plaintiffs

| Event | Date/Deadline |
|---|---|
| Exchange witness lists | 30 days from initial scheduling conference |
| Deadline for written discovery requests | 45 days from initial scheduling conference |
| Proponent's R. 26(a)(2) statements | 60 days from initial scheduling conference |
| Opponent's R. 26(a)(2) statements | 90 days from initial scheduling conference |
| <u>All</u> discovery closed | 120 days from initial scheduling conference |
| Deadline for dispositive motions | 135 days from initial scheduling conference |
| Pre-Trial Conference | 180 days from initial scheduling conference |

B.       **Schedule Proposed by Defendant**

Defendant believes the deadlines listed by Plaintiff are acceptable but believes that a prompt ADR session could lead to a settlement before discovery and resulting litigation expenses become necessary.  For that reason, Defendant proposes that discovery be stayed until completion of ADR.  Defendant has candidly already admitted liability in his Answer.  Counsel for defendant has informed Plaintiff's counsel that all of Defendant's assets are held jointly with his wife.  He is prepared to provide documentary proof that all assets of any substance are held jointly with his wife.

Alternatively, Defendant proposes that initial discovery be limited to Defendant's financial status and that an ADR session be set after that initial discovery with all remaining discovery being stayed until after the ADR is completed.

IV.    **Topics Listed in LCvR 16.3(c)**

(1)      **Dispositive Motion**

No dispositive motions are pending.  However, the parties anticipate the possibility of dispositive motions which may dispose of some or all aspects of this case.

(2)      **Joining Additional Parties and Amending Pleadings**

The parties do not believe any further addition of parties or amendment of pleadings is necessary.  The parties anticipate the possibility that some or all of the factual and legal issues in this case may be able to be agreed upon or narrowed.

(3)      **Magistrate Judge**

The parties oppose the assigning of this case to a magistrate judge for all purposes, including trial.

**(4)     Possibility of Settling Case**

The parties anticipate that there may be, and are open to, the possibility of settling this case.

**(5)     ADR**

Defendant believes that a stay of discovery should be entered and that the case should be referred to ADR.  While Plaintiffs are amenable to ADR later in this action if circumstances indicate that it would be mutually beneficial to the parties, they do not agree that such circumstances presently exist and thus do not agree to a stay of discovery and referral to ADR.

**(6)     Dispositive Motions II**

Again, the parties anticipate the possibility of dispositive motions which may dispose of some or all aspects of this case, and recommend the above deadline for filing such motions.

**(7)     Initial Disclosures**

The parties stipulate to dispense with the initial disclosures required by FRCP 26(a)(1).

**(8)     Discovery**

The parties recommend the above schedule for discovery.

**(9)     Expert Witnesses**

The parties recommend the above schedule for the exchange of witness reports and information pursuant to FRCP 26(a)(2).

**(10)     Class Actions**

This item is inapplicable to instant action.

**(11)     Bifurcation**

The parties agree that there is no need for bifurcation of discovery or trial in this matter.

**(12)     Pre-Trial Conference Date**

The parties recommend the above date for the pre-trial conference.

**(13)     Trial Date**

The parties agree that the trial date should be set at the pre-trial conference.

**(14)     Other Matters**

The parties have no other matters to recommend for inclusion in a scheduling order.

Respectfully submitted,

BABAK DJOURABCHI and                         HARRY J. SELF, JR.
MONICA WELT                                  By Counsel
By Counsel

                                             /s/ Leonard J. Koenick
/s/ Stephen W. Smith                         Leonard J. Koenick, D.C. Bar No. 166116
Gerald I. Katz, D.C. Bar No. 237925          KIVITZ & LIPTZ, LLC
Stephen W. Smith, D.C. Bar No. 463900        5454 Wisconsin Ave., Suite 650
KATZ & STONE, L.L.P.                          Chevy Chase, MD 20815
8230 Leesburg Pike, Suite 600                (301) 951-3400
Vienna, Virginia 22182                       (301) 951-3646 (fax)
(703) 761-3000                               *Counsel for Defendant*
(703) 761-6179 (fax)
*Counsel for Plaintiffs*

J:\04400.003\Pld\Joint\Final Joint Scheduling Report.doc:bd