**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BABAK DJOURABCHI *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:06-cv-00810-RCL |
| | ) | |
| HARRY J. SELF, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**
**REGARDING UNFAIR TRADE PRACTICES AND FRAUD COUNTS**

COME NOW, Plaintiffs Babak Djourabchi and Monica Welt ("Plaintiffs"), by counsel, and hereby move pursuant to Rule 56(c) of the Federal Rules of Civil Procedure for an order granting summary judgment in favor of Plaintiffs for their claims set forth in Count II and III of their Amended Complaint alleging unfair trade practices and fraud committed by Defendant Harry Self, Jr. ("Defendant"). A Memorandum in support of summary judgment accompanies this motion.

As set forth in the memorandum, Defendant's admissions and Plaintiffs' supporting affidavits and exhibits demonstrate that there are no contested material facts preventing summary judgment on these counts. Moreover, the law is well-settled and demonstrates there is no genuine issue of material fact as a matter of law. Defendant's admission that he was not a licensed general contractor when he received advance payments, coupled with his fraudulent misrepresentation in his contract with Plaintiffs claiming he was licensed, warrants granting summary judgment on Plaintiffs' claims alleging unfair trade practices and fraud under FED. R. CIV. P. 56(C).

Pursuant to Local Rule LCvR 7(f), Plaintiffs request an oral hearing on this motion.

WHEREFORE, Plaintiffs Babak Djourabchi and Monica Welt, respectfully move this Honorable Court for the entry of an Order:

(1)     Granting Plaintiffs Babak Djourabchi and Monica Welt's Motion for Summary Judgment on Count II (Unfair Trade Practice) and Count III (Fraud/Fraudulent Misrepresentation/Fraudulent Inducement) of the Amended Complaint filed herein and entry of a judgment thereon;

(2)     Awarding Plaintiffs Babak Djourabchi and Monica Welt's partial summary judgment against Defendant Harry J. Self, Jr. in the amount of Sixty-Six Thousand Five Hundred Ninety-Nine and No/100 Dollars ($66,599.00) and that the same be trebled to One Hundred Ninety-Nine Thousand Seven Hundred Ninety-Seven and No/100 Dollars ($199,797.00) pursuant to D.C. §§ 28-3901, *et seq*., the District of Columbia Consumer Protection Act and that a further evidentiary hearing be scheduled for presentation of proof on the issue of Plaintiffs Bakak Djourabchi and Monica Welt's remaining monetary damages including monetary damages and costs incurred to correct/complete Defendant Harry J. Self, Jr.'s work, attorneys' fees and costs expended herein, punitive damages and pre and post-judgment interest; and

(3)     Award Plaintiffs Babak Djourabchi and Monica Welt such other and further relief as may be necessary and just.

Respectfully submitted,

BABAK DJOURABCHI
and
MONICA WELT

By Counsel

/s/ Andrew N. Felice
Gerald I. Katz, D.C. Bar No. 237925
Andrew N. Felice, D.C. Bar No. 416060
KATZ & STONE, L.L.P.
8230 Leesburg Pike, Suite 600
Vienna, Virginia 22182
gkatz@katzandstone.com
afelice@katzandstone.com
703.761.3000
703.761.6179 (fax)
*Counsel for Plaintiffs Babak Djourabchi and Monica Welt*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing **PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT REGARDING UNFAIR TRADE PRACTICES
AND FRAUD COUNTS** was mailed first-class, postage-prepaid this 8th day of April, 2008 and
electronically filed with the Clerk of the Court using the CM/ECF system which will send a
notice of electronic filing to the following:

Leonard J. Koenick, Esquire
D.C. Bar No. 166116
KIVITZ & LIPTZ, LLC
5454 Wisconsin Ave., Suite 650
Chevy Chase, MD  20815
*Counsel for Defendant Harry J. Self, Jr.*

s/s Andrew N. Felice
Andrew N. Felice
KATZ & STONE, L.L.P.
8230 Leesburg Pike, Suite 600
Vienna, Virginia 22182
gkatz@katzandstone.com
afelice@katzandstone.com
703.761.3000
703.761.6179 (fax)
*Counsel for Plaintiffs Babak Djourabchi and Monica Welt*

J:\04400.003\Pld\008anf Mo for SJ.doc:maf

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BABAK DJOURABCHI, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:06-cv-00810-RCL |
| | ) | |
| HARRY J. SELF, JR., | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT REGARDING UNFAIR TRADE PRACTICES AND FRAUD COUNTS

COME NOW, Plaintiffs Babak Djourabchi and Monica Welt's ("Plaintiffs"), by counsel, hereby move this Honorable Court for entry of a summary judgment on Counts II and II of their Amended Complaint. As grounds thereof, Plaintiffs state that the material facts are undisputed and, in fact, most are admitted by Defendant Harry Self, Jr. ("Defendant"). Moreover, the law is well-settled and demonstrates there is no genuine issue of material fact as a matter of law. Defendant's admission that he was not a licensed general contractor when he received advance payments, coupled with his fraudulent misrepresentation in his contract with Plaintiffs claiming he was licensed, warrants granting summary judgment on Plaintiffs' claims alleging unfair trade practices and fraud under FED. R. CIV. P. 56(C) and the Local Civil Rules of this Court.

### I.    INTRODUCTION

In dismissing Defendant's counterclaim filed herein, this Court ruled that "defendant, as an unlicensed home improvement contactor, required and accepted payment in advance of completion of the work required under the contract." Memorandum and Order at 10 (filed Dec. 14, 2006) (*citing* D.C. Mun. Regs. Title 16, § 800.1 (2006); *Cevern, Inc. v. Ferbish*, 666 A.2d 17, 19-20 (D.C. 1995)) [ Document 20 ]. There is no dispute regarding whether Defendant was

licensed as a general contractor in the District of Columbia – *he was not*.  There is also no dispute regarding whether Defendant demanded and accepted payment in advance of completing home construction work – *he did*.  Under well-settled case law, Defendant's requirement and acceptance of payment for a home improvement contract in advance of the full completion of all work, when he was not licensed as a general contractor in the District of Columbia, entitles Plaintiffs to the return of all monies paid to Defendant, as well as treble damages, attorneys fees and costs, and other appropriate relief.  Plaintiffs' claim of unfair trade practices is ripe for summary judgment.

Further, the record shows that there is no dispute regarding Defendant's fraudulent statements.  Defendant's own exhibits and sworn answers prove that he fraudulently and intentionally misstated his status as a licensed professional general contractor in the District of Columbia.  His intention to deceive Plaintiffs with this misstatement is clear—his status as a licensed contractor was a material condition of the contract with Plaintiffs, yet he lied about this key fact.  Finally, Plaintiffs' affidavits prove their reliance on Defendant's misstatement, as they would not have hired Defendant to renovate their home if they knew he was unlicensed.  Accordingly, Plaintiffs' claims against Defendant's fraud are also ripe for summary judgment.

Defendant has been grasping at straws in a desperate attempt to avoid liability throughout this case.  However, there are no undisputed material facts preventing a finding against Defendant on these claims.  It is time to hold Defendant liable for his unfair trade practices and fraud, and grant Plaintiffs' the relief specified under the statute, including return of all monies paid, treble damages, attorneys fees and costs.

## II.    BACKGROUND

Plaintiffs and Defendant entered into a contract on May 13, 2005 requiring Defendant to perform certain improvements to Plaintiffs' residential property in Washington, D.C., located at 3459 Holmead Place, NW ("the Project").  In this contract, Defendant explicitly stated in writing that he was a general contractor licensed to perform work in the District of Columbia, and that he required pre-payment from Plaintiffs to begin his work, and progress payments thereafter. Defendant was paid a total of $66,599.00, but he did not complete work on the Project. Defendant ceased work on the Project, and Plaintiffs requested the return of the monies paid. Defendant refused and Plaintiffs then filed this suit on May 2, 2006.

## III.    PROCEDURAL BACKGROUND

After Plaintiffs filed an initial Complaint against both Defendant and Self Construction, Inc. ("Self Construction"), Self Construction filed a Counterclaim and moved to dismiss Defendant as an improper party.  Plaintiffs moved to dismiss the Counterclaim, opposed the motion to dismiss Defendant, and moved for leave to file an Amended Complaint.  After Self Construction opposed Plaintiffs' motion for leave and Plaintiffs filed a reply thereto, the Court issued an Order on December 14, 2006, denying Self Construction's motion to dismiss Defendant, dismissing Self Construction as a party, and granting Plaintiffs' motions to dismiss the Counterclaim and for leave to file the Amended Complaint.  Defendant filed an answer to Plaintiffs' Amended Complaint.  Plaintiffs' Amended Complaint was filed pursuant to 28 U.S.C. §§ 1332 and 1391, and includes a count pursuant to the D.C. Consumer Protection Procedures Act ("CPPA"), D.C. Code Ann. §§ 28-3901 *et seq.*  No other statutory bases have been cited for the parties' causes of action and/or defenses.

In the parties' first joint scheduling report, Defendant requested settlement talks, stating "Defendant has candidly already admitted liability in his Answer." (*See* Parties' Joint Scheduling Report, May 8, 2007 [ Document 33 ].)  Plaintiffs reluctantly agreed to Defendant's request for settlement discussions, as Plaintiffs believed that Defendant's settlement request was disingenuous.  This matter was referred to Magistrate Judge Robinson for a Settlement Conference on May 14, 2007.  Magistrate Judge Robinson held numerous Settlement Conferences with the parties between June 15, 2007 and December 6, 2007.  Finally, when Plaintiffs made an offer to Defendant to settle all matters, Defendant refused to respond or reply, and Plaintiffs' fears that Defendant had used settlement talks as a stalling tactic were confirmed. Due to Defendant's failure to respond, further settlement discussions were deemed useless, and on December 6, 2007, Judge Robinson entered an Order concluding the Settlement Conference. On December 17, 2007, the parties submitted a Joint Status Report and Proposed Scheduling Order, and a Scheduling Order was entered by this Court on December 20, 2007.  The parties have proceeded under this Order, and Plaintiffs now bring this motion for summary judgment on two of their three claims.

## IV.    STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to LCvR 7(h), Plaintiffs present the following undisputed material facts as to which there is no genuine issue:

1.     Plaintiffs and Defendant entered into a contract on May 13, 2005 for $212,212.00 pursuant to which Defendant agreed to perform certain renovation work on the single family dwelling located at 3459 Holmead Place, NW, with work to be completed within seven (7) months.  *See* Answer of Defendant to Plaintiffs' Amended Complaint ("Amended Answer") at ¶ 7 (referring to Plaintiffs' Amended Complaint ¶ 7) [ Document 30 ].

4

2.      Defendant and Plaintiffs signed this contract in the presence of each other on May

13, 2005.  *See* Defendant's Counterclaim Against Plaintiffs ("Countercl.") Exhibit 4[1] at 4

(unnumbered ¶ 18 and signature block) [ Document 12 ].

3.      The contract included a representation by Defendant to Plaintiffs that he was

licensed as a general contractor in the District of Columbia.  Defendant affirmatively stated that

"[b]y signing this contract, CONTRACTOR further attests that he is…licensed as a general

contractor in the District of Columbia, and will maintain such during the entire duration of the

construction."  Defendant signed the contract.  *See* Countercl. Exh. 4 at ¶ 4.

4.      Defendant admits that "[a]t all times relevant to this action, Defendant Harry Self,

Jr. acted as a general contractor and home improvement contractor within the jurisdiction of this

Court, but…was not and is not licensed to perform work as a general contractor or home

improvement contractor in the District of Columbia."  *See* Amended Answer at ¶ 5 (referring to

Amended Complaint ¶ 5).

5.      Defendant required Plaintiffs to pay for work prior to its completion.  As stated in

the contract signed by Defendant, and submitted by Defendant as an exhibit, "OWNER shall pay

to CONTRACTOR…$20,000 (twenty-thousand dollars and no cents), as down payment on the

signing of this Agreement, with the balance in draws of $20,000 (twenty-thousand dollars and no

cents) increments commensurate with the percentage of work performed, with the final payment

---

[1] As previously noted in Plaintiffs' Motion to Dismiss Defendant's Counterclaim [ Document
13-1 ], Plaintiffs do not agree that Defendant's Exhibit 4 is a wholly true and accurate copy of
the parties' Agreement.  *See id*. at 2, n.2.  Plaintiffs contend that Defendant's Exhibit 4 contains
handwritten notations and additions on page 2 of Exhibit 4 that were not part of the parties'
Agreement, and appear to have been added by Defendant after the parties' signed, and without
Plaintiffs' consent.  However, these additions do not alter or impact the material facts relevant
for this motion for summary judgment.

being made within forty-five calendar days after the completion of work." *See* Countercl. Exh. 4 at ¶ 3.

6.      Defendant himself admits that "Defendant executed the Contract and accepted payment from the Plaintiffs for the performance of home improvement services on the Project without being licensed as home improvement contractors by the District of Columbia." *See* Amended Answer at ¶ 22 (referring to Amended Complaint ¶ 22).

7.      Records obtained from Plaintiffs' bank show that Defendant endorsed and cashed a total of five checks for the payments enumerated in Plaintiffs' Complaint, totaling $66,599.00. *See* Djourabchi Affidavit at ¶ 9 and Exhibits C through G; Welt Affidavit at ¶ 9.

8.      Further, as recognized by this Court, "defendant's own exhibits indicate that he had received two payments prior to the signing of the Addendum, which necessarily occurred prior to the completion of the work." Memorandum and Order at 10 (filed Dec. 14, 2006) (citing Countercl. Exh. 3 at ¶ 3, and Exh. 4 at ¶ 4) [ Document 20 ].

9.      Defendant himself now admits that by accepting pre-payments from Plaintiffs, he "engaged in an unfair trade practice in violation of the District of Columbia Consumer Protection Act." *See* Amended Answer at ¶ 23 (referring to Amended Complaint ¶ 23).

10.      Defendant also agrees, by his admission, that "Plaintiffs are entitled to recover treble damages, reasonable attorneys' fees, and punitive damages from Defendants as a result of [his] unfair trade practices." *See* Amended Answer at ¶ 24 (referring to Amended Complaint ¶ 24).

11.      Prior to hiring Defendant, the Plaintiffs interviewed Mr. Self and reviewed both his bid for the Project and his current construction work in the District of Columbia. As based upon these interviews and site reviews, Plaintiffs then reasonably relied upon Defendant's

affirmative, written statement that he was licensed as a general contractor in the District of Columbia. *See* Djourabchi Affidavit at ¶¶ 2, 3, 5, 15; Welt Affidavit at ¶¶ 2, 3, 5, 15.

12.    The Plaintiffs would not have hired Defendant if they were aware that Defendant was not, in fact, licensed as a general contractor in the District of Columbia. *See* Djourabchi Affidavit at ¶ 15; Welt Affidavit at ¶ 15.

13.    The Plaintiffs suffered damage as a result of Defendant's fraudulent misrepresentations. The project was not completed by Defendant in a timely and workmanlike manner, and the limited work performed by Defendant caused damage to the residence and required additional, costly repairs. Nearly three years after Defendant contracted to renovate the residence, the Project is still not completed, and Plaintiffs have been unable to live in the residence. *See* Djourabchi Affidavit at ¶¶ 17 & 18; Welt Affidavit at ¶¶ 17 & 18.

14.    Defendant did not complete the contracted work on Plaintiffs' project, and he admits that "as the direct result of Defendants' failure to perform and complete their work on the Project in a timely and workmanlike manner, Plaintiffs are now obligated to retain another contractor to perform and complete the Project at a price which presently exceeds the Contract Price by $468,080.00." *See* Amended Answer at ¶ 15 (referring to Amended Complaint ¶ 15).

15.    Defendant does not deny that "[a]s a direct and proximate result of [ Defendant's ] breaches, Plaintiffs have incurred and will continue to incur damages in the amount of at least Six Hundred Twenty-Seven Thousand Three Hundred Ten and 98/100 Dollars ($627,310.98), plus interest costs and attorneys fees." *See* Amended Answer at ¶ 20 (stating "Paragraph 20 needs no further response," referring to Amended Complaint ¶ 20).

16.    Defendant does not deny that "[d]espite due demand by Plaintiffs, Defendant has failed and/or refused to compensate Plaintiffs for the Six Hundred Twenty-Seven Thousand

Three Hundred Ten and 98/100 Dollars ($627,310.98) in damages, plus interest, fees and costs, which the Plaintiffs have incurred and will continue to incur as a result of Defendants' failure to perform and complete their work on the Project in a timely and workmanlike manner." *See* Amended Answer at ¶ 17 (stating "Paragraph 17 needs no further response," referring to Amended Complaint ¶ 17).

## V.    ARGUMENT

### A.    Standard of Review

A motion for summary judgment should be granted if, taking all reasonable inferences in the light most favorable to the non-moving party, a reasonable fact-finder could not find for the non-movant. *Woodfield v. Providence Hospital*, 779 A.2d 933, 936 (D.C. 2001); *Nader v. de Toledano,* 408 A.2d 31, 42 (D.C. 1979). The moving party carries the initial burden of demonstrating the absence of a material factual dispute and that the movant is entitled to judgment as a matter of law. *Anderson v. Ford Motor Co.,* 682 A.2d 651, 652 (D.C. 1996). Once the movant satisfies this initial burden, the non-moving party must produce opposing evidence, admissible at trial, to demonstrate the existence of a genuine factual dispute as to a material fact. *Woodfield,* 779 A.2d at 937. If the non-moving party fails to do so, the movant is entitled to judgment as a matter of law. *See id.* at 939 (granting defendants' motion for summary judgment). Moreover, "[t]he mere existence of *some* alleged factual dispute between the parties," however, "will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original).

Summary judgment may be granted where, as here, after viewing the record as a whole and in the light most favorable to the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on file . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(C); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322-24 (1986). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just speedy and inexpensive determination of every action.'" *Celotex,* 477 U.S. at 327 (quoting FED. R. CIV. P. 1)(citation omitted). In light of the facts and the law, summary judgment in favor of Plaintiffs is the appropriately just, speedy, and inexpensive disposition of these claims for unfair trade practices and fraud.

### B.     Defendant Demanded And Accepted Pre-Payment While An Unlicensed Contractor In Violation Of D.C. Law.

The uncontested facts show, and he himself admits, that Defendant demanded and accepted pre-payment of $66,599.00 from the Plaintiffs for home construction work in the District of Columbia. Such pre-payments were illegal because he was, as he now also admits, unlicensed by the District of Columbia as a general contractor at the time. Defendant's admissions and the uncontested facts in the record make this count ripe for summary judgment.

This court has already found that Defendant violated the D.C. law by demanding and accepting payment from Plaintiffs before completing construction while an unlicensed contractor. The applicable regulation states in its entirety:

> No person shall require or accept any payment for a home improvement contract in advance of the full completion of all work required to be performed under the contract unless that person is licensed as a home improvement contractor or as a licensed salesperson employed by a licensed contractor in accordance with the provisions of this chapter.

9

D.C. Mun. Regs. Title 16, § 800.1 (2006). Plaintiffs need only establish that a home improvement contract for a residential property existed between Defendant and Plaintiffs; the contract was for at least $300; pursuant to the contract, Defendant required or accepted payment in advance of the full completion of all work required; and Defendant was not licensed in the District of Columbia as a home improvement contractor. *See Carlson Construction Company, Inc. v. Dupont West Condominium, Inc.*, 932 A.2d 1132, 1134-35 (D.C. App. 2007). As set forth above, all of these facts have been established—including by Defendant's own admission that he "engaged in an unfair trade practice in violation of the District of Columbia Consumer Protection Act."

There is a long history of the strict application of the rule that "'receipt of payment by an unlicensed contractor before completion of the work under the contract violates the home improvement regulations and renders the contract void and unenforceable, even on a quasi-contractual basis.'" *Cevern, Inc. v. Ferbish*, 666 A.2d 17, 19-20 (D.C. 1995) (upholding strict application of rule (quoting *Capital Constr. Co. v. Plaza West Coop. Ass'n*, 604 A.2d 428, 429-30 (D.C. 1992)). Any unlicensed contractor that accepts such prepayments is required to return all payments received, even if some work has been performed. *See Marzullo v. Molineaux*, 651 A.2d 808, 809 & 810 n. 3 (D.C. App. 1994) ("Under the long-settled law of this jurisdiction, an unlicensed contractor who accepts payments under a home improvement contract prior to completion of the project loses all right to receive *or retain* any compensation for the work."); *Erwin v. Craft,* 452 A.2d 971, 972 (D.C. 1982) ("[F]ailure to have a home improvement contractor's license and … acceptance of progress payments violated the Licensing Law, recession and return of [all] progress payments are the appropriate remed[ies].").

The *Cevern* court noted numerous decisions rejecting "any deviation from this rule span more than a quarter-century." *Cevern,* 666 A.2d at 20 (*citing Marzullo*, 651 A.2d at 809-10 & n. 3; *Nixon v. Hansford*, 584 A.2d 597, 598 (D.C. 1991); *Billes v. Bailey*, 555 A.2d 460, 462 (D.C. 1989); *Woodruff v. McConkey*, 524, A.2d 722, 724 n. 1 (D.C. 1987); *Erwin*, 452 A.2d at 971-72 (per curiam); *Truitt v. Miller*, 407 A.2d 1073, 1078 (D.C. 1979); *Bathroom Design Inst. v. Parker*, 317 A.2d 526, 528 (D.C. 1974); *Miller v. Peoples Contractors, Ltd.*, 257 A.2d 476, 477-78 (D.C. 1969); *cf. Saul v. Rowan Heating & Air Conditioning, Inc.*, 623 A.2d 619, 621 (D.C. 1993) (unlicensed refrigeration and air conditioning contractor); *Jackson v. Holder*, 495 A.2d 746, 748 (D.C. 1985) (unlicensed master plumber); *Family Constr. v. District of Columbia Dep't of Consumer & Regulatory Affairs*, 484 A.2d 250, 254 (D.C. 1984) (home improvement contractor, not registered as a retail seller, who entered into retail installment contract).)

Strict enforcement of these terms have not waned in the 13 years since *Cevern*. *See Carlson Construction*, 932 A.2d at 1137; *Authentic Home Improvements v. Diane Mayo*, 2006 WL 2687533, *3 (D.C. Super. June 2, 2006) No. 90-05 ("[W]here an unlicensed contractor … violates the regulations by accepting payment before the completion of a construction project, then *any* moneys paid may be recovered from the contractor, and no *quantum meruit* may be awarded."); *Norried v. Caribbean Contractors, Inc.*, 899 A.2d 129, 135-36 (D.C. Ct. App. 2006) (reversing lower court's finding that unlicensed contractor could recover on counterclaims for services rendered on a contract, and remanding to allow recovery by homeowner for monies paid in advance of project completion).

Further, summary judgment is the appropriate resolution of this claim. *See Capital Const.,* 604 A.2d 428 (affirming summary judgment against unlicensed contractor who accepted progress payments); *Carlson Construction*, 932 A.2d at 1132 (affirming lower court's award on

summary judgment that an unlicensed contractor must repay the monies received for work performed). In *Carlson*, the contractor accepted advance payments for work done under the contract, and because the contractor was unlicensed, the contract was rendered void and unenforceable, and the owner of the residence under construction became entitled to reimbursement of progress payments paid to the contractor. The lower court granted summary judgment to the owner of the residence on its counterclaims for reimbursement of all progress payments made while the contractor was unlicensed. In affirming the lower court's grant of summary judgment, the District of Columbia Court of Appeals found that when "an unlicensed contractor accepts payment before completion of work under a contract for home improvement work,…the contractor is not entitled to contract damages and must return any payment received for work performed." *Id*. at 1135 (citing *Cevern*, 666 A.2d at 19-20).

Similarly, there is no question of material fact in the present action regarding Defendant Self's demand for, and acceptance of, payment from the Plaintiffs before the completion of the contracted work. Defendant's signature accepting checks totaling $66,599.00 from the Plaintiffs as recorded on the log attached to the Agreement, and the cancelled checks with Defendant's endorsing signature, prove that Defendant received these pre-payments from the Plaintiffs. *See* Djourabchi Affidavit at ¶¶ 9 through 12; Welt Affidavit at ¶¶ 9 through 12. Further, Defendant admits that he executed a home improvement contract with Plaintiffs and demanded and accepted pre-payment from Plaintiffs in violation of the D.C. Consumer Protection Act. As he himself admits that "Plaintiffs are entitled to recover treble damages, reasonable attorneys' fees, and punitive damages," there are no contested material facts to prevent ordering Defendant's full disgorgement of *all payments* received from Plaintiffs, as well as all other remedies allowed under the statute.

12

Accordingly, summary judgment, in accordance with the precedent of *Carlson*, is the appropriate and expeditious resolution of this claim for unfair trade practices.

      **C.**      **Defendant Fraudulently Misrepresented To Plaintiffs That He Was A Licensed Contractor In The District Of Columbia.**

Defendant's lies to the Plaintiffs regarding whether he was licensed by the District of Columbia constitute fraud.  As there are no material facts in question regarding the elements necessary to show fraud, this count is also ripe for summary judgment.

In order to prove fraud under District of Columbia law, a plaintiff must establish: (1) a false representation; (2) in reference to a material fact; (3) made with knowledge of its falsity; (4) with the intent to deceive; and (5) on which action taken by the plaintiff in reliance upon the representation.  *See Railan v. Katyal*, 766 A.2d 998, 1009-10 (D.C. App. 2001)(citations omitted); *Armstrong v. Accrediting Council for Continuing Ed. & Training, Inc.*, 961 F. Supp. 305, 309 (D.C.C. 1997).

"[T]he requirement of knowledge of the falsity may be met by a showing that the statements were 'recklessly and positively made without knowledge of their truth.'"  *Armstrong v. Accrediting Council for Continuing Ed. & Training, Inc.*, 961 F. Supp. 305, 309 (D.C.C. 1997)(quoting *Howard v. Riggs National Bank*, 432 A.2d 701, 706 (1981).  Intent to deceive can be implied from the fact that the defendant made an affirmative statement that he knew to be false.  *Nader v. Allegheny Airlines, Inc.*, 512 F.2d 527, 547 (D.C.C. 1975), *rev'd on other grounds*, 426 U.S. 290 (1976).  *See also*, *Boyuka v. White (In re White)*, 128 Fed. Appx. 994, 998-99 (4th Cir. 2005) (unpublished) ("A showing of reckless indifference to the truth is sufficient to demonstrate the requisite intent to deceive[;] a debtor will rarely, if ever, admit to acting with an intent to deceive, [thus,] intent may be inferred from the totality of the circumstances."); *Gen. Elec. Capital Corp. v. Acosta (In re Acosta)*, 406 F.3d 367, 372 (5th Cir.

2005)("An intent to deceive may be inferred from 'reckless disregard for the truth or falsity of a statement combined with the sheer magnitude of the resultant misrepresentation'") (citations omitted).

"[A] representation is material if it reasonably influences a plaintiff to take an action he or she may have refrained from taking if aware of the actual facts." *C&E Services Inc. v. Ashland, Inc.,* 498 F. Supp. 2d 242, 258 (D.D.C. 2007)(*citing High v. McLean Fin. Corp.*, 659 F. Supp. 1561, 1567 (D.D.C. 1987). Moreover, summary judgment on fraud is appropriate where a defendant admits to making affirmative statements that are material to a commercial contract. *See U.S. v. Spicer*, 57 F.3d 1152 (C.A.D.C. 1995) (affirming the grant of summary judgment on the fraud counts, where defendant admitted to making affirmative misrepresentations regarding buyers' down-payments to induce HUD to approve otherwise non-qualifying parties, because a rational fact finder could only conclude from the undisputed facts that defendant's misrepresentations did indeed proximately cause HUD's losses). Misrepresentations of a professional's business experience are material facts supporting a plaintiff's claim for fraud. *See Rozen v. Greenberg***,** 886 A.2d 924, 930-31 (Md.App. 2005) (affirming lower court's holding, noting that seller testified that she had rejected a similar offer only a year before buyer's offer because the offeror did not have enough experience, and seller would not sign contract of sale without seeing buyer and his business in person).[2]

As set forth in the statement of material facts, Defendant's own exhibit shows that he affirmatively stated in writing to the Plaintiffs that he was "licensed as a general contractor in the

---

[2] District of Columbia courts are bound by the common law of Maryland in effect in 1801, subject of course to the inherent power of the District of Columbia Court of Appeals to alter or amend the common law. *See Williams v. United States,* 569 A.2d 97, 99-100 (D.C. 1989); *see also* D.C. Code § 45-401 (2007).

District of Columbia."  He has now admitted that he was not, in fact, licensed when he made this statement.  As this contract with Plaintiffs was for home improvement and renovation in the District of Columbia, there is no question that the actual state of Defendant's licensing as a general contractor in the District of Columbia was a material fact.  As set forth in the Plaintiffs' affidavits, they visited Defendant's other construction projects in the District of Columbia and reasonably relied on Defendant's affirmative representation that he was a licensed general contractor.  Licensing was a material condition explicitly stated and included in the Plaintiffs' Agreement with Defendant, and they would not have entered into this contract if Defendant had not been licensed in the District of Columbia.

No reasonable fact-finder could question whether Defendant's misrepresentations were made intentionally with the intent to deceive the Plaintiffs.  Being a general contractor licensed in the District of Columbia was a stated, material condition of the Agreement, yet Defendant affirmatively and falsely stated in writing that he was licensed.  As Defendant has admitted that he was not actually licensed at the time he claimed to be, this misrepresentation about critical facts concerning his own business evidence a reckless disregard for the truth and the consequences of his misrepresentation.  Such statements, made recklessly and affirmatively, are equivalent of intent to deceive.

Due to Defendant's fraudulent misrepresentation, the Plaintiffs have suffered damages.  First, arising from Defendant's unfair trade practices as an unlicensed contractor, the Plaintiffs were denied the use and benefit of $66,599.00 that was wrongfully collected by Defendant while Plaintiffs believed his representations that he was a general contractor licensed in the District of Columbia.  To date, they have expended more than $20,000.00 in attorneys fees and costs in their legal battle against Defendant for the return of this money, which Defendant refuses to

return despite his admissions of committing unfair trade practices. Further, due to Defendant's failures as a contractor, the Plaintiffs were forced to hire rescue contractors that have charged the Plaintiffs more than double the price of their Agreement with Defendant—just to complete the project under the terms of the original Agreement with Defendant. *See* Djourabchi Affidavit at ¶¶ 17 & 18; Welt Affidavit at ¶¶ 17 & 18. Defendant does not deny this fact nor the necessity of such rescue contractors. Defendant has also not denied that, as a direct result of his actions, the Plaintiffs' damages are estimated to total more than $600,000. Under these uncontested facts, there is no question that the Plaintiffs have suffered damages as a result of Defendant's fraud.[3]

All these facts are clear and undisputed. As there are no material facts in dispute relevant to Defendant's fraud, granting Plaintiffs' motion for summary judgment is warranted and proper at this time.

## V.    CONCLUSION AND RELIEF REQUESTED

As a matter of law, summary judgment in favor of Plaintiffs on the claims of unfair trade practice and fraud should be granted in their entirety. Defendant admits to demanding and accepting money from Plaintiffs before work was completed when he was an unlicensed contractor in the District of Columbia. Further, as Defendant admits to fraudulently representing in writing to Plaintiffs that he was licensed as a contactor, when he was in fact not licensed, there is no question that Defendant committed fraud on the Plaintiffs.

In light of the circumstances of this case, including Defendant's intentional and fraudulent statements to Plaintiffs regarding his licensing status, Plaintiffs request this Court order Defendant to return all monies paid by Plaintiffs, and also grant damages to the fullest

---

[3] As noted in their affidavits, the Plaintiffs are still working to complete the Project so that they can move in as soon as possible, so a full calculation of all damages is not complete. *See* Djourabchi Affidavit at ¶¶ 17 & 18; Welt Affidavit at ¶¶ 17 & 18.

extent allowed under the statute. *D.C. Code* § § 28-3901, *et seq*., also known as the Consumer

Protection Procedures Act ("CPPA"), specifically provides that any violation of Title 16 of the

D.C. Municipal Regulations, including Section 800.1, entitles the claimant to:

> (A) treble damages, or $ 1,500 per violation, whichever is greater, payable to the consumer;
> (B) reasonable attorney's fees;
> (C) punitive damages;
> (D) an injunction against the use of the unlawful trade practice;
> (E) in representative actions, additional relief as may be necessary to restore to the consumer money or property, real or personal, which may have been acquired by means of the unlawful trade practice; or
> (F) any other relief which the court deems proper.

*D.C. Code* § 28-3905(k)(1). Moreover, the statute makes clear that "[t]he remedies or penalties

provided by this chapter are cumulative and in addition to other remedies or penalties provided

by law." *D.C. Code* § 28-3905(k)(2).

Here, Plaintiffs request the restoration of the monies acquired through Defendant's

unlawful trade practice, treble damages, reasonable attorneys' fees, costs, prejudgment interest,

and any other relief which this Court deems proper. Such relief, including treble damages, is not

punitive, and Plaintiffs need not prove anything other than a violation of the statute. As held by

the District of Columbia Court of Appeals, "the purpose of treble damages under the CPPA is

remedial rather than punitive." *District Cablevision Ltd. Partnership v. Bassin*, 828 A.2d 714,

728 (D.C. 2003)(overturning lower court's failure to grant treble damages to consumers who

suffered a violation of the CPPA, and also granting prejudgment interest).

Notably, the Plaintiffs "are entitled to an award of treble damages without the showing of

egregious conduct and the malice required for punitive damages." *Id*. at 728-29. Simply, "once

it is established that a consumer has suffered any damage, the CPPA authorizes courts to treble

damages without further findings." *Id*. at 729 (quoting *Williams v. First Gov't Mortg. and*

*Investors Corp.*, 225 F.3d 738, 745(U.S. App. D.C. 2000). Moreover, "[t]reble damages and reasonable attorneys' fees are recoverable in order to encourage the private bar to take such cases." *Id*. at 728. By Defendant's own admission, even he agrees that treble damages are appropriate when this statute is violated. As such, Defendant's blatant and fraudulent misrepresentations regarding his status as an unlicensed contractor, and his continued disregard for the rights of Plaintiffs under the CPPA, entitle Plaintiffs to these requested damages.

WHEREFORE, Plaintiffs Babak Djourabchi and Monica Welt, respectfully move this Honorable Court for the entry of an Order:

(1)  Granting Plaintiffs Babak Djourabchi and Monica Welt's Motion for Summary Judgment on Count II (Unfair Trade Practice) and Count III (Fraud/Fraudulent Misrepresentation/Fraudulent Inducement) of the Amended Complaint filed herein and entry of a judgment thereon;

(2)  Awarding Plaintiffs Babak Djourabchi and Monica Welt's partial summary judgment against Defendant Harry J. Self, Jr. in the amount of Sixty-Six Thousand Five Hundred Ninety-Nine and No/100 Dollars ($66,599.00) and that the same be trebled to One Hundred Ninety-Nine Thousand Seven Hundred Ninety-Seven and No/100 Dollars ($199,797.00) pursuant to D.C. §§ 28-3901, *et seq*., the District of Columbia Consumer Protection Act and that a further evidentiary hearing be scheduled for presentation of proof on the issue of Plaintiffs Bakak Djourabchi and Monica Welt's remaining monetary damages including monetary damages and costs incurred to correct/complete Defendant Harry J. Self, Jr.'s work, attorneys' fees and costs expended herein, punitive damages and pre and post-judgment interest; and

(3)  Award Plaintiffs Babak Djourabchi and Monica Welt such other and further relief as may be necessary and just.

Respectfully submitted,

BABAK DJOURABCHI and MONICA WELT

By Counsel

/s/ Andrew N. Felice
Gerald I. Katz, D.C. Bar No. 237925
Andrew N. Felice, D.C. Bar No. 416060
KATZ & STONE, L.L.P.
8230 Leesburg Pike, Suite 600
Vienna, Virginia 22182
gkatz@katzandstone.com
afelice@katzandstone.com
703.761.3000
703.761.6179 (fax)
*Counsel for Plaintiffs Babak Djourabchi and Monica Welt*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT REGARDING UNFAIR TRADE PRACTICES AND FRAUD COUNTS** was mailed first-class, postage-prepaid this 8th day of April, 2008 and electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following:

Leonard J. Koenick, Esquire
D.C. Bar No. 166116
KIVITZ & LIPTZ, LLC
5454 Wisconsin Ave., Suite 650
Chevy Chase, MD  20815
*Counsel for Defendant Harry J. Self, Jr.*

/s/ Andrew N. Felice
Andrew N. Felice
KATZ & STONE, L.L.P.
8230 Leesburg Pike, Suite 600
Vienna, Virginia 22182
gkatz@katzandstone.com
afelice@katzandstone.com
703.761.3000; 703.761.6179 (fax)
*Counsel for Plaintiffs Babak Djourabchi and Monica Welt*

J:\04400.003\Pld\009anf Mem in Supp Mo for Summary Judgment.doc:maf

19