UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BABAK DJOURABCHI, *et al.*,**<br><br>    Plaintiffs,<br><br>**v.**<br><br>**HARRY J. SELF., JR. *et al.*,**<br><br>    Defendant. | Civil Action No. 06-810 (RCL) |

**OPPOSITION OF DEFENDANT HARRY J. SELF, JR. TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Defendant, Harry J. Self, Jr. opposes Plaintiffs' Motion For Summary Judgment in so far as it seeks damages in excess of $66,599.00, the amount paid to him in advance of full completion of the work.[1] As will be shown in this Opposition and as supported in the Affidavit of Harry J. Self, Jr., no additional damages are warranted and have not been shown to be without genuine dispute.

PLAINTIFFS' REFERENCE TO SETTLEMENT DISCUSSION IS UNETHICAL

In their Memorandum of Law, plaintiffs make reference to settlement discussions. That reference is improper and unethical[2]. Defendant is constrained by the prohibitions concerning settlement discussion from

---

[1] Defendant concedes that the law in the District of Columbia requires the return of any money paid in advance of full completion of the work if a contractor performing home improvement work is not licensed in the District of Columbia as a home improvement contractor.

[2] "All mediation proceedings are *confidential*. ….The judge who is assigned to the case is not … given any information about [what] transpires during the mediation process." (Emphasis in original).
 …..
"Information about the mediation is confidential and may not be disclosed to the presiding judge in any referred action."

Appendix A, Local Rules of the United States District Court for the District of Columbia.

1

responding in detail. It is sufficient to state that it was defendant who requested mediation. Defendant entered into settlement discussion in good faith and made reasonable offers of compromise but the demands by plaintiff were consistently so far above his abilities to pay that further negotiations became meaningless.

Plaintiffs even misstate in that section how mediation occurred. Plaintiffs claim they "reluctantly agreed to Defendant's request for settlement discussions …." Plaintiffs' Memorandum at 4. But the record in this case is clear that they did not agree at all. Instead, they refused to agree to the early mediation proposed by defendant and it was the court that required it to proceed. While plaintiff wrongfully accuse defendant of bad faith during the mediation, it is far more likely that plaintiffs' refusal to agree to mediation was the reason for their ridiculously high demands.

This ethical breach is especially grievous here in this non jury matter. Defendant has considered whether to file a motion seeking sanctions against counsel for defendant and his clients.[3] However, counsel is unable to discern any particular remedy that would directly benefit defendant. Accordingly, defendant requests the court to refer this matter to an appropriate authority.

THERE REMAIN SIGNIFICANT MATERIAL FACTS IN DISPUTE

Plaintiffs so completely misstate the contents of defendant's Answer that it cannot have been done by mere negligence. For example, in paragraph 10, page 6 of their Memorandum, plaintiffs claim "Defendant also agrees, by his admission that "Plaintiffs are entitled to recover treble damages, reasonable

---

[3] Defendant has some reason to believe that it was plaintiffs, themselves, who are both practicing attorneys

2

attorneys' fees and punitive damages from Defendant as a result of [his] unfair trade practices." But that is not what defendant stated in his Answer at all. Paragraph 24 of the Amended Complaint stated in its entirety:

> 24. Accordingly, Plaintiffs seek judgment against Defendant for at least One Million Eighty-One Thousand Nine Hundred Thirty-Two Thousand (sic) and 94/100 Dollars ($1,881,932.94) in treble damages, Three Thousand Four Hundred Three and 72/100 Dollars ($3,403.72) in attorneys' fees incurred to-date by Plaintiffs, and Two Hundred Twelve Thousand Two Hundred Twelve and 00/100 Dollars ($212,212.00) in punitive damages.

Defendant's Answer to that paragraph clearly stated:

> Defendant admits the allegation in Paragraph 24 that plaintiffs seek judgment in the stated amount but deny that any damages were incurred as a result of any actions by defendant.

It is not defendant's responsibility to see that the Amended Complaint is drafted properly; while it is obviously true that "Plaintiffs seek judgment" defendant's Answer does not state they are entitled to one.

In Paragraph 14, page 7 of their Memorandum, plaintiffs again erroneously claim that defendants have admitted that

> [A]s a direct result of Defendants' (sic) failure to perform and complete their (sic) work on the Project in a timely and workmanlike manner, Plaintiffs are now obligated to retain another contractor to perform and complete the Project at a price which presently exceeds the Contract Price by $468,080.00. See Amended Answer at ¶ 15 (referring to Amended Complaint ¶ 15.

But Paragraph 15 of the Amended Complaint merely alleges that defendant was not properly licensed. That was what defendant candidly admitted in his Answer.

3

Apparently plaintiffs mistakenly are referring to and quoting from Paragraph 14 of their Amended Complaint. But defendant **denied** that allegation.[4]

As defendant has stated since he filed his Amended Answer, he concedes that the law requires that a judgment be entered against him for the moneys he received in advance of full completion of the work. The real issue, though, is whether the laws requires under the disputed facts of this case that plaintiff is entitled to treble damages, attorneys' fees, and punitive damages. Plaintiffs have not made out a case to support those additional damages by way of summary judgment.[5]

## DEFENDANT MADE NO FRAUDULENT REPRESENTATIONS

Plaintiffs' inflammatory use of such terms as "lies" (pages 2 and 13) and "disingenuous" (Page 4) show the true nature of their attempt to use this court to exact far more than a pound of flesh from defendant.

As stated in his Affidavit, defendant Self showed plaintiffs his Maryland license during the contract negotiations. At the time he entered into the contract he believed his license was valid. He further understood that with a valid Maryland license he could get an endorsement that would enable him to operate in the District of Columbia. It was not until well after he had been discharged by plaintiffs that he learned his Maryland license had lapsed.

---

[4] Plaintiffs Memorandum continues to misstate the numbered paragraphs of the Amended Complaint and the resulting denials of defendant's Answer throughout their Memorandum but defendant does not believe it necessary to point out each one of them here.
[5] The issue of damages beyond those conceded will be discussed later in the Memorandum.

4

He did not have any knowledge that his statement about his license status was false and cannot therefore have liability for fraud.

In this Motion For Summary Judgment, the court cannot find, based on the facts before it, that defendant intentionally deceived plaintiffs.

## DAMAGES

As stated above, defendant concedes that a judgment will be entered against him in the amount of $66,599.00, the amount of money he received in advance of full completion of the work.

Plaintiffs, however, are in error when they request that this amount be trebled.  In the first place, whether to award treble damages is discretionary and in the second place, the amount that would be trebled is not the amount paid in advance as those are not the "damages" referred to in the Consumer Protection Act.  *Rowan Heating –Air Conditioning v. Williams*, 580 A. 2d 583, 585 (D.C. 1990).

In plaintiffs' Motion For Summary Judgment, they have submitted only their own self-serving affidavits alleging damages due to negligence of defendant.  They have submitted not even a single receipt or payment and, most importantly, no affidavit from their "rescue contractors."

By contrast, defendant Self has detailed the extent of his experience in the industry, the fact that in all of his years that this is the very first suit he has ever encountered alleging improper work, and that in his opinion, nothing he or his workers did would have caused any damage to the plaintiffs' home.

Plaintiffs also complain that they have "been unable to live in the house since signing the Agreement with Defendant on May 13, 2005." Affidavits of plaintiffs, ¶18. Obviously for at least some unstated portion of that time plaintiffs did not expect to be living there as they surely knew that the space would be uninhabitable during construction. Moreover, as detailed in defendant's affidavit at ¶¶ 12-15, most of the delays were caused not by defendant but by plaintiffs' own architect's inability to prepare timely drawings and get required permits. In fact, plaintiffs did not get the permits until April 2007, long after defendant was fired. Given these many disputed issues of fact, this case cannot be decided now on summary judgment.

For the above reasons, defendant requests the court to deny plaintiffs' Motion For Summary Judgment other than to award them the sum of $66,599.00, the amount defendant received in advance of full completion of the work.

Respectfully submitted,
/s
_____
Leonard J. Koenick, Esquire
Bar No. 166116

Kivitz & Liptz, LLC
5454 Wisconsin Ave., Suite 650
Chevy Chase, MD 20815
301-951-3400
301-951-3646 fx
Kivitzliptz2@aol.com