UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BABAK DJOURABCHI**, *et al.*,<br><br>    Plaintiffs,<br><br>**v.**<br><br>**HARRY J. SELF., JR.** *et al.*,<br><br>    Defendant. | Civil Action No. 06-810 (RCL) |

## AFFIDAVIT OF HARRY J. SELF, JR.

I, Harry J. Self, do hereby state under penalty of perjury:

1. I am 47 years old.

2. I am a high school graduate.

3. I was a member of the Carpenters' Union as a journeyman carpenter for 11 years.

4. I have been a custom cabinet maker for 3 separate companies.

5. I have owned and operated my own construction business for 22 years, building custom homes and home improvement projects.

6. During all of the above time in the construction business, the instant law suit is the first time I had ever been sued.

7. Plaintiffs initially obtained my name from another person who recommended me.

8. Plaintiffs asked to see an example of the quality of my work and I gave them the address of 1325 K Street, SE, a project I was then completing. Plaintiffs went to the site themselves and I spoke with them there about the work.

1

9. On March 5, 2005, plaintiffs presented me with a document titled Letter To Bidders that they had drafted. A copy of the document is attached hereto as Exhibit 1. During our discussions about that document, I told plaintiffs that I could not be responsible for obtaining the required permits as they had their own architect and engineer. Plaintiffs agreed to remove that provision and ¶ 28 of that document was deleted as shown.

10. Plaintiff's architect and/or engineer obtained a demolition permit and I then performed the required demolition work.

11. During my discussions with plaintiffs I showed them my existing Maryland license and they reviewed it. At the time I showed it to them, I believed it to be valid and in full effect. I believed and understood that with my valid Maryland license, once the District of Columbia permits were received, I could obtain a simple insurance endorsement that would enable me to perform home improvement work in the District of Columbia. I did not learn that my Maryland license had lapsed until well after my work on plaintiffs' home had ended.

12. On May 13, 2005, I signed the Building Construction Agreement that was attached to plaintiffs' Motion For Summary Judgment as Exhibit B. That document was drafted by plaintiffs, who are both practicing attorneys. At the time I signed the contract I did not notice that plaintiffs had reinserted a requirement that I obtain all required permits, believing that plaintiffs had agreed that that particular requirement had been removed two months earlier.

13. After completion of the demolition work, I told plaintiffs I could not continue working as their architect had not yet completed the plans and had not

obtained the required permits. Plaintiffs were insistent that I begin work on the underpinning without the permits and I reluctantly agreed, fearing that they would otherwise fie me from the job.

14. On plaintiffs' insistence, I then authorized my concrete contractor to begin work on the underpinning necessary to lower the basement floor. That work was approximately 90 percent completed when the contractor had to stop work due to plumbing issues and leaking water. However, the plumber refused to work to correct the problem as the proper permits had not yet been obtained.

15. Because plaintiffs and their architect were having difficulties in getting the drawings completed and approved, I recommended another architect who eventually, by working with the original architect was able to provide corrected drawings. The approved permits were not even obtained by plaintiffs until April 2007. See Exhibit 2 attached hereto.

16. Based on my many years of experience in the home construction business and my monitoring of the work being done by myself and those I hired for work on plaintiffs' home, I am of the firm opinion that the work we performed was done to acceptable and professional standards and did not cause plaintiffs any damages.

17. At the time I was discharged by plaintiffs from further work on their home, the fair market value of the work I performed there was in excess of the $66, 599.00 they had paid me so far.

                                       Respectfully submitted,
                                        s/

                                        _____
                                        HARRY J. SELF, JR.