## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BABAK DJOURABCHI *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | )    Case No. 1:06-cv-00810-RCL |
| | ) |
| HARRY J. SELF, JR., | ) |
| | ) |
|     Defendant. | ) |

## PLAINTIFFS' REPLY BRIEF FOR THEIR MOTION FOR SUMMARY JUDGMENT

COME NOW, Plaintiffs Babak Djourabchi and Monica Welt ("Plaintiffs"), by counsel,

and pursuant to Local Rule LCvR 7(d) state as their Reply Brief in support of their Motion for

Summary Judgment ("Motion") [Docket Entry 53] the following:

**I.      DEFENDANT ADMITS LIABILITY AND THUS, SUMMARY JUDGMENT AS
         TO LIABILITY ON COUNTS II AND III SHOULD BE ENTERED AGAINST
         THE DEFENDANT.**

In his Opposition [Docket Entry 55], Defendant Harry J. Self, Jr. ("Defendant"),

readily admits that "as defendant has stated since he filed his Amended Answer, he concedes that

the law requires that a judgment be entered against him for the moneys he received in advance of

full completion of the work." *See*, Opposition at 4. Moreover, in Paragraph 6 of his Statement

of Genuine Issues [Docket Entry 55-5], Defendant states that he is liable for at least the

$66,599.00 which he "conceded to be due." Thus, in its most simplistic form, Defendant's

Opposition not only fails to provide a compelling legal or factual basis why Plaintiffs' Motion

should not be granted, but actually supports the granting by this Court of the relief requested.

Defendant's recent and previous admissions redress all of his "genuine issues" regarding

material facts for both Count II (unfair trade practices) or III (fraud). Summary judgment is due.

II.     **AS A MATTER OF LAW, PLAINTIFFS ARE ENTITLED TO A JUDGMENT AGAINST THE DEFENDANT ON COUNT II (UNFAIR TRADE PRACTICE) OF THE AMENDED COMPLAINT.**

Through Count II of the Amended Complaint, Plaintiffs seek judgment against Defendant under the District of Columbia Consumer Protection Act, D.C. Code Ann. §§28-3901, *et seq .,* (the "DCCPA") resulting from Defendant's acceptance of advance payments from the Plaintiffs without being licensed as a home improvement contractor in the District of Columbia.  It is well-settled in the District of Columbia that receipt of payment by an unlicensed contractor before completion of the work violates home improvement regulations.  *See*, Motion, pp. 10-12.  In fact, no where in his Opposition does Defendant even remotely refute the fact that he violated the DCCPA, as alleged by the Plaintiffs in this case.

Contrary to his Opposition assertions, Defendant's Answer [Docket Entry 30] admits, without reservations, the allegations contained in Paragraphs 21 through 23 of the Amended Complaint [Docket Entry 23].  Through his Answer, Defendant admitted:

(1)     that he executed the Contract and accepted advance payments from the Plaintiffs for home improvement services without being licensed as a home improvement contractor by the District of Columbia;

(2)     that he engaged in unfair trade practices in violation of the DCCPA; and

(3)     that Plaintiffs are entitled to recover treble damages, reasonable attorneys' fees and punitive damages as the result of the Defendant's unfair trade practice.

By admitting the allegations contained in Paragraphs 21 through 23 of the Amended Complaint, Defendant unquestionably admitted liability as to Count II.[1]  Moreover, as noted above, by and through his Opposition, Defendant tersely admits that "the law requires that a judgment be entered against him for the moneys he received in advance of full completion."  *See*, Opposition

---

[1] Defendant's Opposition, p. 3, contests the meaning or importance of Defendant's answer to Paragraph 24 of the Amended Complaint.  As Plaintiffs' present motion only seeks a judgment as to liability as to Count II and a *partial* award of $66,599.00 *which has now been conceded as due* to the Plaintiffs, resolution of the full extent of Plaintiffs' damages recoverable under the DCCPA is not before this Court.  Hence, Defendant's argument regarding his Answer to Paragraph 24 of the Amended Complaint is irrelevant.

at 4.  Hence, the Court should take Defendant at his word and enter judgment as to liability in

favor of the Plaintiffs on Count II of the Amended Complaint.

III.    **PLAINTIFFS ARE ENTITLED TO A JUDGMENT AS TO LIABILITY ON COUNT III (FRAUD) OF THE AMENDED COMPLAINT.**

In response to the Plaintiffs' methodical recitation of the undisputed facts which, when

considered, entitle them to a judgment as to Count III for fraud, Defendant's Opposition again

offers no defense to the relief requested in Plaintiffs' Motion.  All Defendant can muster in his

Opposition is that, at the time that he entered into the contract with the Plaintiffs for the

*renovation of their home in the District of Columbia*, the Defendant thought he was properly

licensed as a contractor *in the State of Maryland*.  One cannot imagine a much weaker defense to

a motion for summary judgment.

In his initial Answer [Docket Entry 6] to the original Complaint [Docket Entry 1] filed

herein, Defendant originally *denied* the allegation that he was operating as an unlicensed home

improvement contractor in the District of Columbia.  *See*, Complaint, ¶ 5; Answer, ¶ 5.  Only

after an adverse ruling of this Court, did the Defendant accurately and truthfully admit that at all

relevant times hereto, he was not licensed by the District of Columbia government as either a

general contractor or a home improvement contractor.  *See*, Answer, ¶¶ 5 and 15.

Now, to stave off the imposition of summary judgment as to liability on Count III of the

Amended Complaint, Defendant offers only that he thought he was licensed as a contractor by

the State of Maryland at the time the Contract was entered into by the parties and thought he

could obtain "an endorsement that would enable him to operate in the District of Columbia."

*See,* Opposition, p. 4.  By Defendant's own affidavit, he now admits that he knew he was not

licensed in the District of Columbia at the time he signed the contract with Plaintiffs.  As

Defendant represented in the Contract and at the time of contract formation that he was licensed

in the District of Columbia, there can be no question that he knew this statement was false when he made it.

As noted in the Motion filed herein, once the movant satisfies its initial burden on a summary judgment motion, the non-moving party must produce opposing evidence admissible at trial to demonstrate the existence of a genuine dispute as to a material fact. *Woodfield v. Providence Hospital*, 779 A. 2d 933, 937 (D.C. 2001).  Further, "[t]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original).  *See*, Motion, p. 8.

Defendant's Opposition falls woefully short in producing any admissible evidence to refute the facts set forth in the Motion.  In fact, Defendant fails to address and contest each and every element of the Plaintiffs' fraud count, and does not even mention paragraphs 1-9, 11 or 12 of Plaintiffs' Statement of Undisputed Facts in his statement of Genuine Issues.  Notably, of the few facts he purportedly disputes, all are facts which he has already admitted in his Answer.[2]

Contrary to Defendant's Opposition, there is no genuine issue that Plaintiffs suffered *some* damages due to the Defendant's fraudulent actions.  Defendant previously admitted that "as the direct result of Defendants' failure to perform and complete [his] work on the Project in a timely and workman like manner, Plaintiffs are now obligated to retain another contractor to perform and complete the Project at a price which presently exceeds the Contract Price by $468,080.00."  *See,* Motion, p. 7, ¶ 14.  Further, Defendant now freely admits that as a result of

---

[2] Throughout his Opposition, Defendant repeatedly misquotes and miscites his Answer to Plaintiffs' Amended Complaint.  See, e.g., Defendant's Statement of Genuine Issues at ¶¶ 1, 3, 4, and 5.  As evidenced by a comparison of Defendant's Opposition with his Answer, the purported "disputed facts" are without foundation once the actual record is examined.

his actions in contracting with the Plaintiffs, he is liable to them for the repayment of the

$66,599.00 that he received from the Plaintiffs. *See,* Opposition, p. 5. This element of fraud has

been proven through Defendant's own admissions.

Accordingly, all of the material facts necessary to prove fraud are undisputed. By and

through their Motion, Plaintiffs have established (and Defendant now admits) that it is

undisputed that the Defendant fraudulently misrepresented that he was duly licensed in the

District of Columbia to perform home improvement work (which was also an explicit contract

requirement) (Motion p.5, ¶3 and 4, Opposition, p.3), that this was a material representation that

the Plaintiffs relied upon in selecting the Defendant to work in their home (Motion p. 7, ¶12),

and that the Plaintiffs suffered some damages as a result of the Defendant's fraudulent

misrepresentation (Motion, p. 8, ¶ 13, Opposition, p. 5).

As sufficient undisputed facts exist establishing each and every element, the Plaintiffs are

entitled to judgment as to liability on Count III for fraud of the Amended Complaint as a matter

of law. Accordingly, the Court may, at this juncture of the case, grant Plaintiffs the relief they

request.

**IV.    PARTIAL SUMMARY JUDGMENT IN THE AMOUNT OF $66,599.00, AND TREBLE DAMAGES, ARE WARRANTED AT THIS TIME.**

As noted above, Defendant now concedes that grounds exist for the imposition of

liability for $66,599.00 in payments he received in advance of fully completing the work.

Opposition, p.5 Accordingly, Plaintiffs are entitled to a partial summary judgment under Counts

II and III of the Amended complaint in this amount as requested in their Motion.

To the extent that the Court requires an evidentiary hearing to establish the amount of

additional damages to be awarded in this instant case, such as punitive damages and attorneys'

fees, this would not preclude the Court from granting the other relief properly requested in the

Motion. Defendant's Opposition states that judgment for $66,599.00 is due and, as set forth in

Plaintiffs' moving brief, the case law and statute is clear that treble damages are also appropriate

at this time. No additional showing is necessary beyond proof of a violation of the CCPA, and

claimants "are entitled to an award of treble damages without the showing of egregious conduct

and the malice required for punitive damages." *District Cablevision Ltd. Partnership v. Bassin*,

828 A.2d 714, 728 (D.C. 2003). *See*, Motion, p. 17. Defendant has cited no case law to refute

Plaintiffs' request for a grant of treble damages as a remedial measure for Defendant's violation

of the CCPA.[3]

However, on the issue of punitive damages, the case cited by Defendant in his Opposition

on this issue, *Rowan Heating-Air Conditioning v. Williams*, 580 A.2d 583 (D.C. App. 1990) is

also instructive. In *Williams*, a case for breach of contract, the District of Columbia Court of

Appeals noted that the trial court's finding that "the appellant was guilty of a 'continuing' failure

to admit its mistakes, and an unwillingness to rectify its mistakes" was sufficient to warrant the

award of punitive damages under the standards established for the DCCPA. *See*, *Williams*, 580

A.2d at 586. Plaintiffs submit that even under the limited development of the facts of this

present case, Defendant's continuing refusal to accurately and fully represent his licensing status

at the time of contracting and through the institution of this present litigation, his wrongful

acceptance and retention of payments, and his refusal to rectify the matter by returning the ill-

gotten funds, justifies the imposition of treble damages for, at least, the $66,599.00, as well as

punitive damages and attorneys' fees.

---

[3] Although Plaintiffs are not seeking summary judgment at this time for Count I (breach of contract), they are prepared to make a full showing of all damages incurred due to Defendant's breach of contract, including correcting Defendant's defective work and repairing damages Defendant caused to Plaintiffs' property. Accordingly, Plaintiffs have already disclosed their experts to be called at trial, including the rescue contractors who have performed the work set forth in Defendant's contract with Plaintiffs. In contrast, Defendant failed to disclose any rebuttal experts by the Scheduling Order's deadline of March 19, 2008.

### V.    PLAINTIFFS' MOTION DOES NOT BREACH ANY ETHICAL STANDARDS

Defendant's assertion that Plaintiffs' statements in their moving papers concerning the mediation conducted in this case were unethical is wholly without merit. As Plaintiffs' Motion is dispositive in nature, Plaintiffs' moving papers contain background information regarding the nature of the case and the status of the litigation up and through the date of the filing of the Plaintiffs' Motion. The fact that mediation sessions were held before the Honorable Magistrate Judge Deborah Robinson and that those sessions were unsuccessful are facts known to the Court. Plaintiffs' moving papers do not disclose any statements made by either parties, their attorneys or Magistrate Judge Robinson or disclose any written documents that either were prepared or may have been prepared and discussed during the numerous mediation sessions.  Moreover, the Plaintiffs' moving papers do not disclose any confidential statements or positions taken by or which may have been taken by either party during the mediation proceeding. Plaintiffs' Motion presents a straightforward request for summary judgment predicated on the pleadings filed herein and well-known legal precedent. As such, absolutely no prejudice has been felt by the Defendant as the result of the Plaintiffs' Motion filed herein.

Defendant's assertion that Plaintiffs' characterization of the Defendant's representations made at the time of contracting to be "lies" amounts to bad faith is equally without merit. This action, in part, concerns the fraudulent misrepresentations made by the Defendant at the time of contract formation, which only after this lawsuit was initiated, the Defendant now admits to be misrepresentations. A "lie" is simply an "untruth deliberately told" or an "intentional misrepresentation." *See*, *Black's Law Dictionary*, 831 (5th ed. 1981). Accordingly, Plaintiffs believe that the use of the words "lie" or "lies" in their Motion is accurate in this instance. Last, Defendant's comment that by and through their Motion, Plaintiffs seek "to use this court to

extract far more than a pound of flesh from the Defendant" is simply wrong. As noted in the

Motion filed herein, the summary judgment procedure is an integral part of the Federal Rules

which are designed "to secure the just speedy and inexpensive determination" of cases. *See*,

*Celotex Corp. v. Catrett*, 477 U.S. 317 327 (1986). There is nothing improper in the Plaintiffs'

filing of their Motion which, in light of the Plaintiffs' Motion and the Defendant's Opposition,

should be granted by this Honorable Court.

WHEREFORE, Plaintiffs Babak Djourabchi and Monica Welt, respectfully move this

Honorable Court for the entry of an Order:

(1)    Granting Plaintiffs Babak Djourabchi and Monica Welt's Motion for Summary

Judgment on Count II (Unfair Trade Practice) and Count III (Fraud/Fraudulent

Misrepresentation/Fraudulent Inducement) of the Amended Complaint filed herein and entry of a

judgment thereon;

(2)    Awarding Plaintiffs Babak Djourabchi and Monica Welt's partial summary

judgment against Defendant Harry J. Self, Jr. in the amount of Sixty-Six Thousand Five Hundred

Ninety-Nine and No/100 Dollars ($66,599.00) and that the same be trebled to One Hundred

Ninety-Nine Thousand Seven Hundred Ninety-Seven and No/100 Dollars ($199,797.00)

pursuant to D.C. §§ 28-3901, *et seq*., the District of Columbia Consumer Protection Act and that

a further evidentiary hearing be scheduled for presentation of proof on the issue of Plaintiffs

Bakak Djourabchi and Monica Welt's remaining monetary damages including monetary

damages and costs incurred to correct/complete Defendant Harry J. Self, Jr.'s work, attorneys'

fees and costs expended herein, punitive damages and pre and post-judgment interest; and

(3)    Award Plaintiffs Babak Djourabchi and Monica Welt such other and further relief

as may be necessary and just.

8

9

Respectfully submitted,

BABAK DJOURABCHI
and
MONICA WELT

By Counsel

/s/ Andrew N. Felice
Gerald I. Katz, D.C. Bar No. 237925
Andrew N. Felice, D.C. Bar No. 416060
KATZ & STONE, L.L.P.
8230 Leesburg Pike, Suite 600
Vienna, Virginia 22182
gkatz@katzandstone.com
afelice@katzandstone.com
703.761.3000
703.761.6179 (fax)
*Counsel for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

       I HEREBY CERTIFY that a true and accurate copy of the foregoing **PLAINTIFFS'**
**REPLY BRIEF** was mailed first-class, postage-prepaid this 25th day of April, 2008 and
electronically filed with the Clerk of the Court using the CM/ECF system which will send a
notice of electronic filing to the following:

                  Leonard J. Koenick, Esquire
                  D.C. Bar No. 166116
                  KIVITZ & LIPTZ, LLC
                  5454 Wisconsin Ave., Suite 650
                  Chevy Chase, MD  20815
                  *Counsel for Defendant*

                   <u>s/s Andrew N. Felice</u>
                   Andrew N. Felice
                   KATZ & STONE, L.L.P.
                   8230 Leesburg Pike, Suite 600
                   Vienna, Virginia 22182
                   gkatz@katzandstone.com
                   afelice@katzandstone.com
                   703.761.3000
                   703.761.6179 (fax)
                   *Counsel for Plaintiffs*

J:\04400.003\Pld\015anf Reply Brief.doc:maf